ANDERSON v. NEWHALL.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 146.

1. CUSTOMS DUTIES—BAY RUM—PORTO RICO.

Foraker Act April 12, 1900, c. 191, § 3, 31 Stat. 77, authorized, on articles from Porto Rico, coming into the United States, the imposition of a tax equal to the internal revenue tax imposed in the United States "upon the like articles of merchandise of domestic manufacture." *Held* as to Porto Rican bay rum that, as there is no internal revenue tax, eo nomine, upon domestic bay rum, it is not subject to this provision, notwithstanding that a tax is provided for "distilled spirits."

**2. SAME—"DISTILLED SPIRITS"—BAY RUM.**

Bay rum is not within the enumeration of "distilled spirits," defined in section 3248, Rev. St. (U. S. Comp. St. 1901, p. 2107), as "ethyl alcohol, * * * including all dilutions and mixtures of this substance."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2129, 2130.]

In Error to the Circuit Court of the United States for the Southern District of New York.

These proceedings were brought in behalf of Charles W. Anderson, United States internal revenue collector for the Second district of New York, plaintiff in error and defendant below, against E. Harold Newhall, defendant in error and plaintiff below. The case involves the following provisions of law:

"That on and after the passage of this act, all merchandise coming into the United States from Porto Rico * * * shall be entered at the several ports of entry upon payment of fifteen per centum of the duties which are required to be levied * * * upon like articles of merchandise imported from foreign countries; and in addition thereto, upon articles of Porto Rican manufacture coming into the United States and withdrawn for consumption or sale upon payment of a tax equal to the internal revenue tax imposed in the United States upon the like articles of merchandise of domestic manufacture." Extract from Foraker Act April 12, 1900, c. 191, § 3, 31 Stat. 77.

"Distilled spirits, spirits, alcohol, and alcoholic spirit, within the true intent and meaning of this act, is that substance known as ethyl alcohol, * * * including all dilutions and mixtures of this substance." Extract from section 3248, Rev. St. (U. S. Comp. St. 1901, p. 2107).

"There shall be levied and collected on all distilled spirits on which the tax prescribed by law has been paid, a tax of seventy cents on each proof gallon." Extract from section 3251, Rev. St. (U. S. Comp. St. 1901, p. 2108).

"All products of distillation, by whatever name known, which contain distilled spirits or alcohol, on which the tax imposed by law has not been paid, shall be considered and taxed as distilled spirits." Section 3254, Rev. St. (U. S. Comp. St. 1901, p. 2111).

The opinion filed by the court below reads as follows:

HOUGH, District Judge. It is provided by the act of April 12, 1900, c. 191, § 3, 31 Stat. 77, commonly known as the "Foraker Bill," that "upon articles of merchandise of Porto Rican manufacture [there shall be assessed] a tax equal to the internal revenue tax imposed in the United States upon the like articles of merchandise of domestic manufacture." The plaintiff, having imported from Porto Rico certain bay rum, has been compelled, after due protest, to pay a tax, not upon the bay rum, but upon the alcohol therein contained, the Treasury Department holding that, while no "internal revenue tax is imposed on bay rum as such, a tax is imposed upon the spirits therein contained." Int. Rev. Dec. 404, of 1901. The statutes imposing the tax here in question are asserted to be Rev. St. § 3248 (U. S. Comp. St. 1901, p. 2107), and section 48 of chapter 349 of Act Aug. 27, 1894, 28 Stat. 563 (U. S. Comp. St. 1901, p. 2109), amending Rev. St. § 3251 (U. S. Comp. St. 1901, p. 2108). It being admitted that there is no internal revenue tax upon bay rum as such, and that bay rum is an article of merchandise, and also a manufactured article of merchandise. it appears to me that the plain language of the Foraker bill requires a direction in favor of the plaintiff.

The act first above quoted from is the last statute on the subject, and what it plainly requires must be observed. It may be true that it was the purpose of that act to produce equality between American and Porto Rican producers; but, if apt words have not been used for that purpose, the assumed existence of the purpose furnishes no reason for straining the meaning of the words that were employed. The words are to be taken not only in their plain, but in their commercial, meaning; and it is not to be doubted that when a merchant speaks of bay rum he means a thing which is commercially wholly different from the "distilled spirits, spirits, alcohol and alcoholic spirits" attempted to be defined by Rev. St. § 3248. It follows that as there is no in-

ternal revenue in the United States upon bay rum as "bay rum," there is no tax upon the like article when of Porto Rican manufacture, and imported into the United States from that island.

Turning to the contention of the defendant, I cannot agree that bay rum is either a dilution or a mixture of distilled spirits, within the meaning of section 3248. If it is, it would follow that a long list of other articles commercially known by distinctive names should be regarded as "mixtures" of distilled spirits because liquor in some form is found in them.

As to section 3251 as amended, the operative words are that "there shall be levied * * * on distilled spirits that * * * may be * * * produced in the United States" a certain tax. It is certainly straining this statute to make it applicable to the alcohol in Porto Rican bay rum. It is fully satisfied by considering as taxable the article commercially known as "distilled spirits" which may be produced by any process from, for example, bay rum. It is no answer to say, as has been asserted by the commissioner of internal revenue, that the discovery of such practices would be "obviously difficult and in many cases impossible." The question is not whether discovery of unlawful transactions is difficult, but what is the law. It is sufficient to add that I entirely agree with the remarks of Thomas, J., in Newhall v. Jordan (C. C.) 149 Fed. 586, E. D. N. Y., opinion filed December 6, 1906.

Verdict is directed for the plaintiff in the sum of $506.22, with interest thereon from May 8, 1906, to May 21, 1907.

Winfred T. Denison, Asst. U. S. Atty. (Francis W. Bird, Asst. U. S. Atty., on the brief), for plaintiff in error.

John David Lannon, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The sole question presented by this writ of error is whether bay rum manufactured in Porto Rico and imported from that island, in April, 1906, was liable to taxation as distilled spirits under the provisions of section 3 of the Foraker Act (Act April 12, 1890, c. 191, 31 Stat. 77), taken in connection with sections 3248, 3251, and 3254 of the United States Revised Statutes.

The Foraker act provides that "articles of merchandise of Porto Rican manufacture" coming into the United States and withdrawn for consumption or sale shall be subject to "a tax equal to the internal revenue tax imposed in the United States upon the like articles of merchandise of domestic manufacture." It would seem that under this provision of the law the duty of the internal revenue collector was plain, namely, to ascertain what tax was imposed on domestic bay rum, and, if none were imposed, permit the Porto Rican bay rum to be withdrawn free of tax. Instead of doing so, the collector ascertained the constituent ingredients of the importation, found that alcohol predominated, and imposed a tax thereon as "distilled spirits." It is conceded that bay rum is an old and well-known article of commerce used exclusively as a toilet preparation, wash, or cosmetic, and is never sold or used as a beverage. It is also conceded that there is no internal revenue tax, eo nomine, upon bay rum of domestic manufacture. No fraud is charged or suggested regarding the importation in controversy, which was brought here to be used as bay rum has always been used—as a cosmetic or toilet water.

The fact that the alcohol in the bay rum may be used for other purposes, if true, would not justify a construction of the law which is

plainly antagonistic to its express provisions. We think, however, that the contention that distilled spirits imported from Porto Rico may evade the tax under the guise of bay rum, is more apparent than real. It is true that by an elaborate process the alcohol may be separated from the other ingredients composing bay rum, but there is testimony that it retains the odor of bay, and cannot be used as ordinary alcohol is used.

Again, the segregating process involves redistillation, which would subject the product to the internal revenue tax, if not to forfeiture. If the law is to be strained to cover all articles from which alcohol may be obtained by distillation, it would be a hazardous undertaking to import molasses from Porto Rico—rum being a distilled spirit made from fermented molasses.

As is pointed out in the brief for defendant in error—"The remedy for fraudulently distilling alcohol from bay rum is the identical remedy for fraudulently distilling it from rye, corn, molasses or anything—it is the criminal prosecution of the alleged distiller." It is unnecessary to pursue the subject further, as it was discussed in all its aspects in the opinion delivered in the case of Newhall v. Jordan, 149 Fed. 586, which was approved and followed by the judge of the Circuit Court in the case at bar.

The judgment is affirmed.