## ROCHE v. JORDAN.

(Circuit Court, E. D. New York. December 20, 1909.)

**1. JUDGMENT (§ 708*)—RES JUDICATA—PARTIES.**

A conclusion in a prior suit between different parties that Porto Rican bay rum imported into the United States was not subject to customs duties or internal revenue tax was not res judicata of such question in a subsequent action, though it would be regarded as persuasive authority.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 708.*]

**2. COURTS (§ 96*)—RULES OF DECISION—DECISION OF APPELLATE COURTS.**

A decision of the Circuit Court of Appeals for the Second Circuit that Porto Rican bay rum was not subject to import duty under Foraker Act April 12, 1900, c. 191, § 3 (31 Stat. 77), authorizing the imposition of a tax equal to the internal revenue tax imposed in the United States on like articles of merchandise of domestic manufacture on articles coming from Porto Rico into the United States, because bay rum was not within the definition of distilled spirits defined by Rev. St. § 3248 (U. S. Comp. St. 1901, p. 2107), nor a product of distillation made taxable by section 3254 (page 2111), is conclusive on the Circuit Courts in such circuit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 328; Dec. Dig. § 96.*]

**3. STATUTES (§ 220*)—CONSTRUCTION—SUBSEQUENT ACT.**

The Circuit Court of Appeals having previously determined that under Foraker Act April 12, 1900, c. 191, § 3 (31 Stat. 77), providing for the taxation of imports from Porto Rico, Porto Rican bay rum was not subject to customs duties because not distilled spirits nor the product of distillation, taxable under Rev. St. §§ 3251, 3254 (U. S. Comp. St. 1901, pp. 2108, 2111), such construction could not be affected by the subsequent passage of Act Cong. Feb. 4, 1909, c. 65, 35 Stat. 594 (U. S. Comp. St. Supp. 1909, p. 857), declaring that on bay rum or any article containing alcohol afterwards brought from Porto Rico into the United States a tax should be paid on any spirits contained therein.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 298; Dec. Dig. § 220.*]

**4. INTERNAL REVENUE (§ 12*)—"BAY RUM."**

"Bay rum" is a fragrant spirit, obtained by distilling the leaves of the pimento acris with rum, or by mixing the volatile oil procured from the leaves by distillation with alcohol, water, and acetic ether. It is also defined as an aromatic liquid obtained by distilling the leaves with the bayberry, or by mixing various oils, as the oils of myrica, of orange peel, and of pimenta, with alcohol. Under the decision of the Circuit Court of Appeals above cited, it must be held that it is neither a "distilled spirit," as that term is defined by Rev. St. U. S. § 3248 (U. S. Comp. St. 1901, p. 2107), nor a "product of distillation," within section 3254, providing for internal revenue taxation of products of distillation as distilled spirits.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 30–32; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 1, p. 3740].

Action by James W. Roche against Edward B. Jordan. Judgment for plaintiff.

Walden & Webster, for plaintiff.

William J. Youngs, U. S. Atty. (Levi Cooke, of counsel), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CHATFIELD, District Judge. The plaintiff seeks to recover moneys paid by him in the form of internal revenue tax through the purchase and use of stamps upon certain bay rum imported into the United States from Porto Rico and arriving at the port of New York in the years 1907 and 1908. The total amount of the taxes so paid was $2,530.55, and the pleadings show the making of a protest sufficient to take the case out of the decisions of Chesebrough v. United States, 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432, and Newhall v. Jordan (C. C.) 149 Fed. 586.

It appears that protest has been made to the Commissioner of Internal Revenue, and as amended the complaint alleges the expiration of more than six months since the submission of the appeal to the Commissioner. The defendant, who is the Collector of Internal Revenue for the United States in this district, has demurred, and has thereby raised but one question, viz., the liability to taxation under the provisions of sections 3248, 3251, and 3254 of the Revised Statutes (U. S. Comp. St. 1901, pp. 2107, 2108, 2111), in connection with section 3 of the Foraker act (Act April 12, 1900, c. 191, 31 Stat. 77), of bay rum manufactured in Porto Rico and imported therefrom.

This precise question was raised in the case of Newhall v. Jordan, supra, in which the defendant was the same as in the present action. But the decision in that case rested upon the question of protest, as established by the Chesebrough Case, supra. At the outset of its opinion the court assumed that bay rum imported from Porto Rico would not be subject to any internal revenue tax, because such bay rum—

"can only be taxed at the sum imposed on bay rum in the United States. There is no such tax. Hence there is none on the imported article."

The court understood from the agreed statement of facts that domestic bay rum as such was subject to no internal revenue tax, and that therefore the letter of the Foraker act, which provides for an internal revenue tax as upon like articles of merchandise of domestic manufacture, did not apply to Porto Rican bay rum. It is apparent that while the decision in Newhall v. Jordan, supra, does not make the question res adjudicata, in that the plaintiff in the present action is not the same, and inasmuch as the decision was in favor of the defendant for failure of protest by the plaintiff, nevertheless the conclusion of the court upon the proposition of law involved in the interpretation of the statute cannot be lightly disregarded in another case in the same court upon the same propositions.

But the dictum in the Newhall Case, supra, was settled and made controlling upon this court by the decision of the Circuit Court of Appeals for this circuit in the case of Anderson v. Newhall, 161 Fed. 906, 88 C. C. A. 511. The report of the case prints the opinion of the court below, in which the precise contention urged upon the present demurrer was presented as a basis for an alleged defense against collection of this tax by Collector of Internal Revenue Anderson. The Circuit Court for the Southern District of New York held that such tax could not be collected, and that the alcohol contained in bay rum was not taxable as a distilled spirit, nor was the bay rum con-

taining the alcohol taxable as a distilled spirit, for the reason that no tax was levied by statute upon bay rum as a specific article. The court used the following language: "It being admitted that there is no internal revenue tax upon bay rum as such"—and also saying that, when a merchant speaks of bay rum, "he means a thing which is commercially wholly different from the 'distilled spirits, spirits, alcohol, and alcoholic spirits,' attempted to be defined by Rev. St. § 3248"; that bay rum is not "a dilution or mixture of distilled spirits, within the meaning of section 3248"; and that the court fully agreed with the opinion in Newhall v. Jordan, supra.

The Circuit Court of Appeals in its opinion distinguishes the purpose of the law—i. e., taxation—from criminal measures to enforce it and prevent fraud. It is stated that any production of alcohol through redistillation, which would itself be taxable, would involve the distiller in criminal prosecution, if illegally conducted. But the court places its decision partly upon another premise from the agreed statement of facts, viz., that bay rum is used exclusively "as a toilet preparation, wash, or cosmetic, and is never sold or used as a beverage." The court also states that it is conceded "that there is no internal revenue tax, eo nomine, upon bay rum of domestic manufacture." From these premises the court finds that the possibility of the use of the alcohol in bay rum for other purposes "would not justify a construction of the law which is plainly antagonistic to its express provisions," and affirms the decision below, again approving of the discussion in Newhall v. Jordan, supra.

The above decisions are controlling in this court as to the interpretation of the statutes involved and are decisive of this demurrer. The provisions of the Foraker act in question have been defined by the decision of the Circuit Court of Appeals, and the demurrer of the defendant must be overruled.

The complaint alleges, and the demurrer admits, that the bay rum in question was manufactured in Porto Rico, and we have, therefore, no confusion from any doubt as to the place of manufacture. The goods arrived prior to the Act Cong. Feb. 4, 1909, c. 65, 35 Stat. 594 (U. S. Comp. St. Supp. 1909, p. 857), which is as follows:

"That upon bay rum, or any article containing alcohol, hereafter brought from Porto Rico into the United States for consumption or sale there shall be paid a tax on the spirits contained therein," etc.

But inasmuch as the Circuit Court of Appeals had theretofore determined the intent of the original statute, no inference can be drawn from the passage by Congress of a subsequent law amending the act to cover similar merchandise in the future. If the law did not provide for such internal revenue tax, then the amendment by Congress plainly covered the defect. Even if the law might have been intended to cover these articles, but as construed by the courts did not do so, then the amendment of the statute met the situation.

It is, however, contended by the defendant that the agreed statements of fact upon which the former cases have been decided did not express an accurate finding with respect to the liability of domestic bay rum to be classified as a distilled spirit for the purposes of taxation,

and that upon the present demurrer a different question presents itself.

The Century Dictionary defines bay rum as:

"A fragrant spirit much used as a cosmetic, etc., especially by barbers, obtained by distilling the leaves of the Pimenta acris of the natural order Myrtaceæ, with rum, or by mixing the volatile oil procured from the leaves by distillation with alcohol, water, and acetic ether."

The Standard Dictionary defines bay rum as:

"An aromatic liquid obtained by distilling rum with the leaves of the bayberry (Pimenta or Myrcia acris) or by mixing various oils, as the oils of myrica, of orange peel, and of pimenta, with alcohol; used as a cosmetic and perfume."

Section 3248 of the Revised Statutes is as follows:

"Distilled spirits, spirits, alcohol, and alcoholic spirit, within the true intent and meaning of this act, is that substance known as ethyl alcohol, hydrated oxide of ethyl, or spirit of wine, which is commonly produced by the fermentation of grain, starch, molasses, or sugar, including all dilutions and mixtures of this substance; and the tax shall attach to this substance as soon as it is in existence as such, whether it be subsequently separated as pure or impure spirit, or be immediately, or at any subsequent time, transferred into any other substance, either in the process of original production or by any subsequent process."

Section 3251 of the Revised Statutes provides that:

"There shall be levied and collected on all distilled spirits on which the tax prescribed by law has not been paid, a tax," etc.

While section 3254 is as follows:

"All products of distillation, by whatever name known, which contain distilled spirits or alcohol, on which the tax imposed by law has not been paid, shall be considered and taxed as distilled spirits."

The acts relating to internal revenue do not specifically name bay rum as an object of taxation, nor do they name any other article which is the product of distillation or made by mixing other products with distilled spirits upon which the tax has not been paid. The imposition of any tax upon any product of distillation, including, according to the provisions of section 3248, all dilutions and mixtures of "distilled spirits, spirits, alcohol, and alcoholic spirit," must be under the general language of the foregoing statutes. Certain exemptions from taxation are enumerated, and particularly denatured alcohol, under Act June 7, 1906, c. 3046, § 1, 34 Stat. 215 (U. S. Comp. St. Supp. 1909, p. 854), covering domestic alcohol mixed with a denaturing material which destroys its character as a beverage and renders it unfit for liquid medicinal purposes. This exception does not seem in terms to include bay rum, and the defendant in the present case contends that bay rum made in the United States must be either a distilled spirit or a mixture of distilled spirits, liable to payment of an internal revenue tax, if the spirits therein have not already paid an internal revenue tax. It is argued that the purpose of the law is a single taxation upon all distilled spirits embraced within the general provisions of the statutes above referred to.

The defendant also contends that the admission in the former cases "that there is no internal revenue tax imposed on bay rum as such," when manufactured within the United States, meant merely that domestic bay rum was not mentioned by name in the statutes quoted, and that no attempt had ever been made to collect more than a single tax upon the distilled spirits with which the bay oil might be mixed, or with which bay leaves might be distilled, according to the definition quoted from the dictionaries hereinbefore referred to. But the decisions in the previous cases, including that of the Circuit Court of Appeals, have determined that domestic bay rum is not taxable under the internal revenue law, and that (as a corollary thereto) Porto Rican bay rum is not taxable at the rate and under the classification of "distilled spirits, spirits, alcohol, and alcoholic spirit," under section 3248, nor as a product of distillation, under section 3254, and the demurrer must be overruled upon the authority of those cases.

Inasmuch as the demurrer has been submitted upon the merits, and a determination against the defendant would seem to be final with respect to the plaintiff's right to recover, the plaintiff may have judgment absolute in the action if no answer be submitted within five days.