**SANTONI & CO., Inc., v. RAFFERTY, Collector of Internal Revenue.**

(Circuit Court of Appeals, Second Circuit. March 1, 1926.)

No. 222.

1. **Customs duties ⟷6—Foraker Act, as affects tax on Porto Rican bay rum, held not impliedly repealed (Foraker Act, § 3 [Comp. St. § 3749]; Act Feb. 4, 1909 [Comp. St. § 6123]).**

Foraker Act, § 3 (Comp. St. § 3749), as affects tax on Porto Rican bay rum, was not impliedly repealed by Act Feb. 4, 1909 (Comp. St. § 6123), enacted to cover supposed omission in Foraker Act.

2. **Statutes ⟷158.**

Repeals by implication are not favored.

3. **Customs duties ⟷31—Imported Porto Rican bay rum is taxable at $2.20 per gallon under 1917 and 1918 War Revenue Acts, notwithstanding inaptness of phrase "imported into" the United States (War Revenue Act 1917, §§ 300, 301 [Comp. St. 1918, §§ 5986a, 8739b]; War Revenue Act, 1918, § 600 [Comp. St. Ann. Supp. 1919, §§ 5986e–5986i]).**

Porto Rican bay rum, "imported into" the United States, is taxable at $2.20 per gallon,

not $1.10 per gallon, under War Revenue Act 1917, §§ 300, 301 (Comp. St. 1918, §§ 5986a 8739b), and War Revenue Act 1918, § 600 (Comp. St. Ann. Supp. 1919, §§ 5986e–5986i), notwithstanding inaptness of the phrase.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Santoni & Co., Inc., against John T. Rafferty, as Collector of Internal Revenue. From a judgment of dismissal plaintiff brings error. Affirmed.

Writ of error to a judgment of the District Court for the Eastern District of New York, dismissing upon the merits a complaint in an action at law.

The complaint is by a taxpayer for money had and received by the defendant upon the exaction of an unlawful tax. It alleged that on December 19, 1922, the plaintiff brought into the United States from Porto Rico 512 gallons of bay rum, upon which the defendant, as collector of internal revenue, levied and collected a tax of $2.20 per gallon, of which $1.10 was unlawful.

The defendant denied only the allegation of law, and moved for judgment on the pleadings, which the District Court granted. The sole question at issue is whether Porto Rican bay rum, imported in December, 1922, is taxable at $2.20 or $1.10 a gallon.

Thomas & Friedman, of New York City (Joseph H. Hazen and Stanleigh P. Friedman, both of New York City, of counsel), for plaintiff in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Howard Osterhout, Asst. U. S. Atty., of Mineola, N. Y., of counsel), for defendant in error.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] We could dispose of this case merely by saying that the Act of February 4, 1909 (Comp. St. § 6123), did not repeal section 3 of the Foraker Act (31 Stat. 77 [Comp. St. § 3749]), which therefore imposed the tax, even of section 300 of the War Revenue Act of 1917 (Comp. St. 1918, § 5986a) and section 600 of the War Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, §§ 5986e–5986i) did not specifically do so. The supposed repeal confessedly rests in implication, which is never favored, and which in this case depends upon the canon that a later specific statute repeals an earlier general one. That, like all other canons of

statutory construction, is no more than a lamp in the dark, and is useless in a plain case. By the decision in Anderson v. Newhall, 161 F. 906, 88 C. C. A. 511, Congress was erroneously advised that section 3 of the Foraker Act did not cover bay rum. It is plain that the act of 1909 was passed to supply that casus omissus. Thus the argument, to succeed, must survive this paraphrase: Congress meant to repeal an act, which it supposed to omit a tax, by enacting another to supply the omission. The mere statement of the argument was impossible before Jordan v. Roche, 228 U. S. 436, 33 S. Ct. 573, 57 L. Ed. 908, and it becomes even colorable only by imputing retroactively to Congress acquaintance with a fact of whose opposite it had been assured when it passed the law. We decline to follow such fantastic casuistry.

[3] Moreover, in our judgment, section 300 of the War Revenue Act of 1917 and section 600 of the War Revenue Act of 1918 of themselves impose the tax. Here the plaintiff's argument rests upon the inaptness of the phrase, "imported into" the United States, when applied to Porto Rican spirits. Certainly that was so ruled in De Lima v. Bidwell, 21 S. Ct. 743, 182 U. S. 1, 45 L. Ed. 1041, and we agree that prima facie the argument is good. Further, we assume that both sides would agree that Porto Rican bay rum was not "produced" in the United States. Downes v. Bidwell, 21 S. Ct. 770, 182 U. S. 244, 45 L. Ed. 1088; Balzac v. Porto Rico, 42 S. Ct. 343, 258 U. S. 298, 66 L. Ed. 627.

Hence it is argued to be outside the scope of either War Revenue Act. Again we think that obvious meanings are lost in dialectic. These acts were passed at a time when Congress was reaching for all possible sources of revenue; these sections taxed substances whose burden for over a decade and a half it had maintained at a parity, whether they were made on the continent or came from the island. It must be supposed that the choice of an inapposite phrase manifested a purpose to abandon that policy at the very time when we should especially look for its continuance. That seems to us more of a strain than the words will bear.

And, if it be not, section 301, Revenue Act 1917 (Comp. St. 1918, § 8739b), lays any doubts, because the phrase is there repeated in a context which shows that "imports" covered Porto Rican spirits. The two sections follow each other; they refer to the same substances; they are complementary in the sense that the motives which led to the

added imposition depended in part upon the limitation of the available supplies. We must own that the plaintiff appears to us to rest upon factitious verbal difficulties, raised to obscure a very plain case.

Judgment affirmed.