CANARD *v.* STATE.

Opinion delivered September 26, 1927.

1. HIGHWAYS—DRIVING AUTOMOBILE WHILE INTOXICATED—EVIDENCE.— On a trial, under Acts 1923, p. 200, § 1, for driving an automobile on a public highway or street while intoxicated, testimony that a witness had advised defendant, some time before his arrest, not to go to the Fair Grounds, "cutting up with his car," *held* competent as tending to show intoxication at the time witness gave such advice.

2. HIGHWAYS—PUBLIC HIGHWAY DEFINED.—Any public highway or thoroughfare used for the passage of the public is to be considered a public highway within Acts 1923, p. 200, § 1, providing that it shall be unlawful for any person to drive an automobile upon any public highway while in an intoxicated condition.

3. HIGHWAYS—DRIVING AUTOMOBILE WHILE INTOXICATED.—Driving an automobile on roadway provided for the use of the public, or within Fair Grounds, *held* within Acts 1923, p. 200, § 1, making it unlawful to drive any automobile over or upon any public highway or street while in an intoxicated condition.

Appeal from Stone Circuit Court; *S. M. Bone,* Judge; affirmed.

*Ben B. Williamson,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McHANEY, J. Appellant was convicted in the justice of the peace court and fined $25 and costs on a charge of driving an automobile on a public highway or street while intoxicated. He appealed to the circuit court, where he was again tried and convicted and fined $30 and costs. From the judgment against him he has duly prosecuted an appeal to this court.

The first assignment of error urged for a reversal of the case is that the court erred in permitting the wit-

ness James Webb to relate a conversation he had with the appellant on the day the offense was committed, some time prior to his arrest, in which he told appellant, in substance, that he had better not go on the fair grounds "cutting up with his car" as he was. We think this testimony was competent, as, although the witness did not say positively that the defendant was intoxicated, it tended to prove intoxication at the time the witness was riding in the car with him and gave him such advice. The witness had been picked up by the appellant on his way to the fair grounds, and rode into the fair grounds with him, and, while he stated he did not know whether he was drunk or not, he did state that he was acting funny, and the statement the witness made to appellant, and the advice given him about not going on the fair grounds "cutting up that way," was competent, as tending to show the condition appellant was in.

The next assignment of error relates to the refusal of the court to give appellant's requested instructions numbered 1, 2 and 3, the effect of all of which was to tell the jury that they could not convict the appellant if they found that the offense charged against him was committed in the fair grounds. This charge was brought under § 1 of act 250 of the Acts of 1923, page 200, which reads as follows: "Hereafter it shall be unlawful for any person to drive any automobile, truck or motor-driven vehicle on any of the public highways of this State, or over or upon any of the streets of any city or town in the State of Arkansas, while in an intoxicated condition." The principal contention of counsel for appellant is that the offense was committed, if at all, in the fair grounds, and not on any of the public highways of the State, or upon any of the streets of any city or town in the State. A careful examination of the evidence has convinced us that there was sufficient evidence to go to the jury on the question of his guilt of the charge of driving a car on a highway while intoxicated, outside of the fair grounds. It is not disputed that he passed in and out of the fair grounds several times dur-

ing the day and night, and up until the time of his arrest,· which was about 9 P. M., and that he not only drove his car in the fair grounds, but over the highway leading to the fair grounds. The court instructed the jury in No. 7, over appellant's objection, as follows:

"I instruct you further, gentlemen, that any public highway or thoroughfare used for the passage of the public would be considered a public highway; and, before you would be authorized to convict the defendant, you must find that he was operating a car, an automobile, on a 'public passageway', thoroughfare or street, and that he was in an intoxicated condition, and that beyond a reasonable doubt."

We think the above a correct declaration of the law on this subject. In the case of *Arkansas River Packet Co.* v. *Sorrels,* 50 Ark. 466-472, 8 S. W. 683, Mr. Justice BATTLE quoted from 3 Kent, Commentaries, page 432, in part as follows: "Every thoroughfare which is used by the public, and is, in the language of the English books, 'common to all the king's subjects,' is a highway, whether it be a carriage way, a horse way, a foot way, or a navigable river. 'It is', says Lord Holt, 'the genus of all public ways.' "

A number of definitions of the word "highway," as defined by the different courts, may be found in vol. 4, Words & Phrases. Under these definitions, and the one quoted above, we are of the opinion that the driving of a car, while intoxicated, over the passageway, through the gates of a fair ground and over the roadways provided therefor within the fair grounds, falls within the prohibition of the statute, and that appellant would be guilty of the offense charged if the proof showed the offense to have been committed within the fair grounds alone.

These are all the errors complained of. We do not set the evidence out, nor the requested instructions in full, as it would serve no useful purpose.

Judgment affirmed.