# WOODSON v. STATE ET AL.

(No. 2202; September. 19, 1941; 116 Pac. (2d) 852)

For the appellant, there was a brief and oral argument by *Richard J. Jackson* of Cheyenne.

306

For the respondents, there was a brief by *Ewing T. Kerr,* Attorney General; *Harold I. Bacheller,* Deputy Attorney General; and *Arthur Kline,* Assistant Attorney General, and oral argument by *Arthur Kline.*

RINER, Chief Justice.

This case is a direct appeal from a judgment of the district court of Laramie County disallowing a recovery by the plaintiff and appellant, Woodson, doing business as The Capital Coal Company, of certain sums of money paid under protest as sales taxes upon the transportation of coal and collected by the defendant and respondent, Union Pacific Railroad Company under the Selective Sales Tax Act of 1937, for the State Board of Equalization of the State of Wyoming. This judgment was entered on January 16, 1941, after a trial on the 8th of that month upon an agreed statement of facts. Counsel for all parties concede that the facts in this case are "practically identical" with those involved in our Case No. 2095, State v. Capital Coal Company et al., 54 Wyo. 176, 88 P. (2d) 481, the only difference being that the latter arose under the Emergency Sales Tax Act of 1935, while the instant case is to be ruled by the effect to be given to the Selective Sales Tax Act of 1937. It is a companion case with No. 2185, The State of Wyoming v. Holly Sugar Cor-

poration, a corporation, and The Union Pacific Railroad Company, a corporation, this day decided. Both cases were heard and considered together, though as noted above, the present case was heard and decided in the district court on a much later date than the Holly Sugar Company case, supra.

Since the facts in the case at bar are so closely allied with those already examined and passed upon by this court in our case No. 2095, supra, we shall not lengthen this opinion by again citing them here. Our views as expressed in the opinion filed in Case No. 2185 must rule the instant case. We may add to what was said in that cause that in the brief of the appellants in Case No. 2095, supra, it was stated in the sub-division thereof No. II that:

"The purchase of transportation from the Union Pacific Railroad Company is the purchase of service. This purchase of service is that service mentioned in Section 2 (f) of the Act."

And this statement was followed in sub-division III of that brief by the admisison that:

"The Sales Tax Act of 1935 was, by its express terms, self-repealing and expired on March 31, 1937. In the meantime, the Legislature passed the 1937 Sales Tax Act (Chapter 102, S. L. Wyo. 1937) and eliminated the word 'service' from Section 2 (f) of the Act, so that in all probability the argument advanced under II above could not be advanced successfully under a like situation under the 1937 Act."

We agreed then with that statement, and we agree with it now as confined to the Emergency Sales Tax Act of 1935. We also agree, for the reasons indicated (among others given in Case No. 2185, supra,) that this argument cannot be used under the Selective Sales Tax Act of 1937. We think that under the 1937 Selective Sales Tax Act all sales of transportation of freight and

passengers must be regarded as retail sales, and in consequence taxable.

We must conclude therefore that the judgment of the district court of Laramie County drawn in question by this appeal was correct, and it will accordingly be affirmed.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.