(No. 36650.—■■■■■■■■■■■■)

THE PEOPLE *ex rel.* WILLIAM G. CLARK, Attorney General, Appellant, *vs.* THE VILLAGE OF WHEELING *et al.*, Appellees.

*Modified opinion filed March 14, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, (JAMES J. MEJDA, Assistant Attorney General, and FRANK S. RIGHEIMER, FRANK S. RIGHEIMER, JR., and DONALD M. PHARES, Special Assistant Attorneys General, of counsel,) for appellant.

ANCEL, SIEGEL & STONESIFER, of Chicago, (LOUIS ANCEL and JACK M. SIEGEL, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Attorney General instituted this *quo warranto* action to test the legality of the annexation of a strip of the north-south toll road by the village of Wheeling. The superior court of Cook County held the annexation valid. The State is interested, and an appeal has been taken directly to this court. Ill. Rev. Stat. 1959, chap. 110, par. 75.

The statutory provision on which the village relied for its authority to annex the property is section 7—8 of the

Revised Cities and Villages Act, which read as follows: "Any municipality by ordinance may annex any territory contiguous to it even though the annexed territory is dedicated or used for street or highway purposes if no part of the annexed territory is within any other municipality." Ill. Rev. Stat. 1959, chap. 24, par. 7—8.

While it is obvious, of course, that for many purposes a toll highway is a "highway," the problem in this case is whether this toll highway is contiguous territory that is "used for street or highway purposes" within the meaning of that phrase in section 7—8 of the Revised Cities and Villages Act. The term "highway" is a generic one "frequently used in a very broad sense with the result that no fixed rule with regard to its meaning can be given, and its construction depends on the intent with which it is used, as determined by the context." (39 C.J.S. Highways, § 1.) In discussing the meaning to be given to the term "highway," it has been pointed out that whether "streets, ferries, railroads, toll roads, rivers or rural roads, are all meant to be included in a particular statute can not, in many instances, be asserted without a careful study of the entire statute and a full consideration of all the matters which the courts usually call to their assistance in ascertaining the meaning and effect of legislative enactments." 1 Elliott on Roads and Streets, 4th ed., sec. 2.

The use of the word "highway" in the annexation statute thus poses, rather than solves, the problem. The provision of the Toll Highways Act that the toll highways are not to become a part "of the system of the State highways of the State of Illinois" until all bonds and interest have been paid is inconclusive. Similarly, the fact that the legislature reacted promptly to the trial court decision in this case, and made it clear for the future that it did not intend to permit municipalities to annex toll roads without the permission of the Toll Highway Commission, is not controlling. (Ill. Rev. Stat. 1961, chap. 24, pars. 7—1—2, 7—

1—10.) Such a statutory change is usually equivocal, suggesting either that the legislative body has effected a conscious change in policy, (*Western National Bank of Cicero* v. *Village of Kildeer,* 19 Ill.2d 342, 353,), or that it has simply prevented the recurrence of an erroneous interpretation (*People ex rel. Spitzer* v. *La Salle County,* 20 Ill.2d 18, 28). In this case, each of the parties espouses the interpretation appropriate to a decision in its favor.

Since the meaning of the annexation statute is not to be found in abstract definitions or in rubrics of statutory construction, it is necessary to analyze the relevant facts to determine whether annexation of the toll highway is authorized. The toll highway forms the eastern boundary of the village. For half a mile to the west of the toll-road strip involved in this case, there extends a forest preserve owned by the Forst Preserve District of Cook County. The strip of toll road that is sought to be annexed is almost half a mile long, north and south. At no point along this strip is any access to the toll highway permitted, and the right of way is protected on both sides by fences. The authority of the commission to erect fences to prevent access to the toll road, whether for the purpose of crossing it or of traveling on it, is not disputed. About a quarter of a mile north of the northern boundary of the strip sought to be annexed, Dundee Road, an east and west highway, passes over the toll road on an overpass, but there is no access to the toll road from Dundee Road. The net of the situation is thus that the village has neither the legal right nor the physical capacity to enter upon the property it seeks to annex. It has no right of eminent domain with respect to the annexed property. It can not, without permission of the commission, enter upon that property to provide it with municipal services, nor can it lay sewer or water mains in that property to serve land that lies on the other side of the toll road. So far as property that lies east of the toll road is concerned, what was said in *Wild* v. *People ex rel. Stephens,* 227 Ill.

556, 560, is also true here: "No vehicle, and, in fact, no person, could pass from one strip to the other without passing over or upon lands not within the village."

A primary characteristic of an ordinary contiguous street or highway, on the other hand, is a free and unlimited right of access. When such a highway is annexed, it may be crossed and recrossed; the annexing municipality may lay its sewer and water mains under it, and may open and improve intersecting streets. Its ability to furnish fire protection may be enhanced; certainly, it is not impeded. These differences between the toll highway here involved and the ordinary street or highway, bear directly upon the purposes for which cities and villages are organized. We hold, therefore, that when the legislature authorized municipalities to annex contiguous streets and highways it did not use the word "highway" in its broadest and most comprehensive sense, but rather used it with reference to the familiar, free access highway which was then in existence, and did not intend to authorize the annexation of portions of the toll highway, the construction of which was subsequently authorized.

The judgment of the superior court of Cook County is reversed.

*Judgment reversed.*