SUMMERHILL v. SHANNON.

5-2808                                    361 S. W. 2d 271

Opinion delivered October 29, 1962.

*Dinning & Dinning,* by *W. G. Dinning, Sr.,* for appellant.

*Eugene L. Schieffler,* for appellee.

GEORGE ROSE SMITH, J. On April 24, 1961, the appellee's car was struck from behind by a car owned by the appellant and being driven by his sixteen-year-old son,

Gary. The appellee brought this action to recover his property damage of $182.52, seeking to hold the elder Summerhill liable under the provisions of Act 495 of 1961. Ark. Stats. 1947, § 75-315. The jury returned a verdict for the plaintiff in the full amount sued for.

Act 495, as it applies to this case, imposes liability upon the appellant for his minor son's negligence if he permitted the boy to drive a motor vehicle ''upon any highway''. This collision occurred upon a paved road on the schoolgrounds of the West Helena high school. The road leads from a parking area to the city street and is open for use by students and others having occasion to enter the schoolyard. The appellant insists that the road is not a highway within the meaning of the statute.

We cannot sustain this contention. A highway is commonly defined as a passage, road, or street which every citizen has a right to use. Bouvier's Law Dictionary (Rawle's 3d Rev.); Webster's Second New International Dictionary. A highway includes every public thoroughfare, ''whether it be a carriage way, a horse way, a foot way, or a navigable river''. *Canard* v. *State*, 174 Ark. 918, 298 S. W. 24. There we held that a roadway within the local fair grounds was a public highway. Upon the same reasoning we are convinced that the paved road in this case was a highway within the intent of the 1961 act. There is no good reason why the protection afforded by the statute should not be available to high school students and others having occasion to use the road.

Summerhill's other arguments have to do with the matter of insurance. It appears that the plaintiff Shannon had an insurance policy upon which he had collected all but the first fifty dollars of his loss. At the trial Summerhill insisted that Shannon was not the real party in interest and that the jury should be informed of Shannon's insurance coverage. Both contentions were rejected by the trial judge.

The rulings were correct. We considered the first contention in *McGeorge Contracting Co.* v. *Mizell*, 216 Ark. 509, 226 S. W. 2d 566, and held that even though Mizell

had been reimbursed by his insurer for all but $25 of his $789.50 loss he was still the real party in interest and was entitled to maintain suit in his own name. That case was followed in *Dowell, Inc.* v. *Patton,* 221 Ark. 947, 257 S. W. 2d 364, where it was decided that the plaintiff's collection of most of his damage under a $50 deductible policy could not be proved in a jury case either to show the plaintiff's interest in the suit or to reflect upon his credibility as a witness. In principle those decisions control this case and require that the trial court's action be upheld.

Affirmed.