THE HATTERAS YACHT COMPANY v. SNEED HIGH, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 24 November, 1965.)

**1. Taxation § 23—**

A proviso of a taxing statute stipulating that certain transactions should be taxed at a lower rate than that made applicable generally, or providing that as to certain transactions the total tax should not exceed a specified amount, is a partial exception and comes within the rule that statutory exemptions from a tax are to be strictly construed.

**2. Statutes § 5—**

It will be presumed, when consonant with the context and in the absence of an expression to the contrary, that the Legislature intended that a term used in a statute should be given its natural and ordinary meaning and not its generic meaning, and the statutory or judicial definition of such term in connection with other statutes is not controlling and at best may only throw some light upon the usage in the statute in question.

**3. Taxation § 23—**

An administrative interpretation of a taxing statute which has continued over a long period of time with the silent acquiescence of the Legislature should be given consideration in the construction of the statute.

**4. Taxation § 29—**

A pleasure yacht, self-propelled by an internal combustion engine, while a self-propelled motor vehicle, is not one designed primarily for use upon the highways within the meaning of G.S. 105-164.4(1), and is subject to the State's three per cent sales tax, it being apparent that "highways" was not used in the statute in its generic sense.

APPEAL by plaintiff from *Bickett, J.,* 19 April 1965, Civil Session of WAKE.

The plaintiff instituted this action under G.S. 105-266.1 to recover sales taxes paid by it under protest as the result of an assessment of such taxes by the Commissioner of Revenue on account of sales by the plaintiff of motor yachts. The action was tried by the judge without a jury upon stipulated facts, summarized as follows:

On or about 10 November 1961, plaintiff filed with the Commis-

sioner a report showing the following information concerning taxable sales by it of motor yachts:

| DATE OF SALE | SALE PRICE | TAX DUE (As Computed by Plaintiff) |
|---|---|---|
| 12-15-60 | $20,206.41 | $ 80.00 |
| 10-1-61 | 34,381.95 | 120.00 |
| 10-3-61 | 16,600.00 | 120.00 |

Plaintiff so computed its tax liability on account of these sales upon the theory that the rate of tax upon the 1960 sale was one per cent (1%) of the sale price subject to a maximum tax of $80.00, and that the rate of tax upon the 1961 sales was one per cent (1%) of the sale price subject, in each instance, to a maximum tax of $120.00.

On 19 June 1962, the Commissioner, acting under G.S. 105-241.1, notified plaintiff that he proposed to assess an additional tax of $1,815.64 upon plaintiff on account of the said sales for the reason that the applicable rate of tax as to each of the sales was three per cent (3%) of the sale price with no maximum limit upon the amount of the tax.

On 18 July 1962, plaintiff paid the additional assessment under protest.

By letter dated 19 March 1964, received by the Commissioner on 23 March 1964, plaintiff filed its claim for a refund of the amount so paid under protest. The claim for refund was denied 25 March 1964, and on 3 June 1964, plaintiff requested a hearing before the Commissioner, which hearing was had on 30 June 1964. On 11 September 1964, the Commissioner notified plaintiff that its claim for refund was denied. This action was instituted on 8 October 1964.

Each of the yachts in question is a boat more than 30 feet in length, is designed for use upon the navigable waters of North Carolina and of the United States, and is self-propelled by means of an internal combustion engine, gasoline or diesel, which engine is an integral part of the boat. Each is a pleasure craft not engaged in commercial fishing.

The plaintiff contends that such boat is a "motor vehicle" within the meaning of G.S. 105-164.4(1) and, therefore, the said sales by it are taxable only at the rate and to the extent shown in its original report to the Commissioner. Otherwise, the plaintiff concedes that the additional assessment was proper.

In its administration of the Revenue Act, the Department of Revenue has uniformly construed the term "motor vehicle" as not including pleasure watercraft and has applied the three per cent (3%) tax, without limit, to all sales of such watercraft.

Upon these facts the superior court concluded as a matter of law that the plaintiff had not made timely demand for refund with reference to the tax assessed on account of the sale made on 15 December 1960, but had made such demand in due time as to the two sales in 1961. It further concluded as a matter of law that such yachts are not "motor vehicles" within the meaning of the statute and that the sales thereof are subject to tax at the rate of three per cent (3%) of the sale price. Accordingly, the court entered judgment dismissing the action. The plaintiff did not except to the conclusion that the demand for refund on account of the 1960 sale was not made in due time. Consequently, the only question presented upon this appeal is as to whether such a yacht is a "motor vehicle" within the meaning of G.S. 105-164.4(1).

*Rodman & Rodman by Edward N. Rodman for plaintiff appellant.*
*Attorney General Bruton; Deputy Attorney General Abbott for defendant appellee.*

LAKE, J.  G.S. 105-164.4, which is part of the North Carolina Sales and Use Tax Act of 1957, as amended, provides:

> "There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail * * *.  (1) At the rate of three per cent (3%) of the sales price of each item or article of tangible personal property when sold at retail in this State * * *. Provided, however, that in the case of the sale of any airplane, railway locomotive, railway car or the sale of any motor vehicle, the tax shall be only at the rate of one per cent (1%) of the sales price, * * * but at no one time shall the maximum tax with respect to any one such airplane, railway locomotive, railway car or motor vehicle, including all accessories attached thereto at the time of delivery thereof to the purchaser, be in excess of one hundred twenty dollars ($120.00)."

The same section of the statute then defines the term "motor vehicle" as follows:

> "For the purposes of this section, the words 'motor vehicle' mean any vehicle which is self-propelled and designed primarily for use upon the highways, any vehicle which is propelled by electric power obtained from trolley wires but not operated upon

rails, and any vehicle designed to run upon the highways which is pulled by a self-propelled vehicle, but shall not include any implement of husbandry, farm tractor, road construction or maintenance machinery, or equipment, special mobile equipment as defined in G.S. 20-38, nor any vehicle designed primarily for use in work off the highway."

G.S. 105-164.13, which is a part of the same Act, exempts entirely sales of specified types of articles, including sales of "boats" to commercial fishermen for use by them in such fishing. It is stipulated that these yachts do not fall into that category.

Provisions in a tax statute granting exemptions from the tax thereby imposed are to be strictly construed in favor of the imposition of the tax and against the claim of exemption. *Sale v. Johnson,* 258 N.C. 749, 129 S.E. 2d 465; *Distributors v. Shaw,* 247 N.C. 157, 100 S.E. 2d 334; *Investment Co. v. Cumberland County,* 245 N.C. 492, 96 S.E. 2d 341; *Motor Co. v. Maxwell,* 210 N.C. 725, 188 S.E. 389; *Rich v. Doughton,* 192 N.C. 604, 135 S.E. 527. A proviso in such a statute taxing certain transactions at a lower rate than that made applicable in general, or providing that as to certain transactions the total tax shall not exceed a specified amount, there being no such limitation generally, is a partial exemption and is, therefore, to be strictly construed against the claim of such special or preferred treatment.

The Act first imposes a license tax upon "every person who engages in the business of selling tangible personal property at retail" at the rate of three per cent (3%) of the sale price of each article so sold. G.S. 105-164.4(1). This is the general rule, applicable except as otherwise provided to every sale of every type of article. The Act then provides that sales of certain, specified types of articles are "exempted from the tax imposed by this article." G.S. 105-164.13. Provisos incorporated into G.S. 105-164.4(1) create a third class of transactions, as to which the tax is computed at a smaller percentage of the sale price, coupled in some instances with a limitation of the maximum tax to be imposed on account of the sale of any single article within the category. The question for us is, Into which of these classes of transactions did the Legislature intend a sale of a pleasure yacht, self-propelled by an internal combustion engine, to fall?

Obviously, a sale of such a yacht falls within the general classification subject to the three per cent (3%) rate of tax, unless the yacht is a "motor vehicle." Whether such a yacht is a motor vehicle within the usual meaning of that term is immaterial, for the

Legislature in this statute has defined a motor vehicle to be "any vehicle which is self-propelled and designed primarily for use upon the highways." It is stipulated that the yachts in question are self-propelled and they are, of course, vehicles. We come, therefore, to the question, Is a yacht designed primarily for use upon the highways? The statute does not define "highways."

Definitions of "highway" contained in other statutes are not controlling. The same is true of judicial constructions of the term as used in other statutes. At best, they only throw some light upon the normal usage of the term, for, nothing else appearing, the Legislature is presumed to have used the words of a statute to convey their natural and ordinary meaning. *Seminary v. Wake County,* 251 N.C. 775, 112 S.E. 2d 528. The question is, What did the Legislature mean by "highways" as used in this proviso granting a special, partial exemption from a tax?

There have been numerous decisions by this Court and by the courts of other jurisdictions, which, when read without regard to the matters then at issue, appear to give support to the contention of the plaintiff. Thus, in *Parsons v. Wright,* 223 N.C. 520, 521, 27 S.E. 2d 534, this Court said, "The term highway is the generic name for all kinds of public ways, whether they be carriage-ways, bridle-ways, foot-ways, bridges, turnpike roads, railroads, canals, ferries or navigable rivers." In *Taylor v. Paper Co.,* 262 N.C. 452, 457, 137 S.E. 2d 833, the Court said, "A navigable stream is a public highway," and in *Gaither v. Hospital,* 235 N.C. 431, 444, 70 S.E. 2d 680, it was said, "[N]avigable waters constitute a public highway, which the public is entitled to use for the purposes of travel either for business or pleasure." A careful reading of these decisions reveals, however, that in each of them the Court was concerned with the right of the plaintiff to travel upon or use a particular way, or to prevent an obstruction thereof, or to acquire a different way across the land of another. For similar expressions from other jurisdictions see: *Summerhill v. Shannon,* 235 Ark. 617, 361 S.W. 2d 271 (use of a road upon the grounds of a school); *Canard v. State,* 174 Ark. 918, 298 S.W. 24 (defendant charged with driving while drunk upon a paved road within the grounds of a fair); *Trucking Co. v. Bowers,* 173 Oh. St. 31, 179 N.E. 2d 346 (refund of gasoline tax); *Toy v. Atlantic ETC. Co.,* 176 Md. 197, 4 A. 2d 757 (obstruction of a navigable stream); *Savage Truck Line v. Commonwealth,* 193 Va. 237, 68 S.E. 2d 510 (miles traveled on ferry included in computing tax due State for use of highways). We think the true rule was stated by the Supreme

Court of Illinois in *People v. Wheeling,* 24 Ill. 2d 267, 181 N.E. 2d 72, where it said:

> "The term 'highway' is a generic one 'frequently used in a very broad sense with the result that no fixed rule with regard to its meaning can be given, and its construction depends on the intent with which it is used, as determined by the context.' (39 C.J.S., Highways, § 1). In discussing the meaning to be given to the term 'highway' it has been pointed out that whether 'streets, ferries, railroads, toll roads, rivers or rural roads are all meant to be included in a particular statute can not, in many instances, be asserted without a careful study of the entire statute and a full consideration of all the matters which the courts usually call to their assistance in ascertaining the meaning and effect of legislative enactments.' " See also, 1 Elliott, Roads and Streets (4th Ed.), § 1.

Though this Court had said in *Parsons v. Wright, supra,* that a railroad is a highway within the broad, generic sense, and though a locomotive is a self-propelled vehicle designed primarily for use upon such a road, the Legislature at the 1963 session amended G.S. 105-164.4(1) so as to insert "railway locomotive" in the proviso here in question. This seems a clear indication that the Legislature did not intend that "highway" would be interpreted in the broad, generic sense in the definition of "motor vehicle" contained in this same proviso.

The parties have stipulated, "It has been the long-standing and uniform administrative interpretation of the Department of Revenue to classify pleasure water craft as subject to the 3% sales and use tax rather than as 'motor vehicles' within the intent and purview of the Sales and Use Tax Act." An administrative interpretation of a tax statute which has continued over a long period of time with the silent acquiescence of the Legislature should be given consideration in the construction of the statute. *Knitting Mills v. Gill,* 228 N.C. 764, 47 S.E. 2d 240. The growing use of pleasure watercraft in this State increases the likelihood that the Department's view of the matter has been well known. The Legislature has not seen fit to change the language of the statute. On the contrary, at the 1965 session Senate Bill No. 75 was introduced for the purpose of amending the proviso in G.S. 105-164.4(1) by inserting the word "boat" following the word "airplane." The proposed change in the Act was not enacted. The legislative record indicates that the bill was not brought to a vote.

.

In normal usage the word "highway" does not connote a: waterway, and we think it clear that a strict construction of this statute does not show an intent by the Legislature to take sales of pleasure yachts out of the general class of sales which are taxed at three per cent (3%) of the sale price. The assessment of the additional tax was in accord with the statute and the dismissal of this action for refund was proper.

Affirmed.