ZANETTI RIVERTON BUS LINES, INC., a Corporation, Appellant (Plaintiff below),

v.

STATE BOARD OF EQUALIZATION for the State of Wyoming acting as the State Tax Commission, Appellee (Defendant below).

ZANETTI BUS, INC., Appellant (Plaintiff below),

v.

STATE BOARD OF EQUALIZATION for the State of Wyoming acting as the State Tax Commission, Appellee (Defendant below).

Nos. 3927, 3928.

Supreme Court of Wyoming.

May 27, 1971.

William E. Barton and Michael J. Sulli-, van, of Brown, Drew, Apostolos, Barton & Massey, Casper, and Edwin V. Magagna, Casper, for appellants.

James E. Barrett, Atty. Gen., and Robert J. Oberst, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

The two cases by the plaintiff bus lines against the defendant board, acting as the State Tax Commission, consolidated for trial, resulted in judgments against the plaintiffs and are consolidated in the appeal. In each case the bus line sought a return of tax payments levied by virtue of the provisions of § 39–291(b) (i), W.S. 1957 (1969 Cum.Supp.), and paid under protest. The causes were submitted on an agreed statement of facts, which may be summarized as saying:

The bus lines contracted separately with various companies to provide their employees with means of round-trip travel from the cities of their residences to the respective company plants. All of the services were rendered within the State. The provisions of each contract required the plaintiffs to furnish a specified minimum number of buses for the trips, which commenced at various pickup points within certain towns. The compensation payable to plaintiffs under the contracts was in no event dependent upon the number of passengers carried but rather upon the size of the bus, number of miles, etc. Occasionally, at the request of the companies, freight was transported without extra charge on the buses to or from the plant sites. The companies were engaged in operation or construction of manufacturing and processing plants within the State wherein the natural resources (soda ash, trona, uranium, iron ore) were mined, processed, and shipped from the State for additional processing and resale. The

costs of plaintiffs' services were reflected in the value and ultimate costs of the products to the consumers.

The statute under which the assessment was made, § 39–291(b) (i), provided:

"Within the limitation herein set out, there is hereby levied and there shall be collected and paid * * * An excise tax equivalent to three percent * * * of the amount paid * * * to carriers * * * for all intrastate transportation of persons, * * * including the rental or leasing of all equipment or service pertaining or incidental thereto; provided, that said tax shall not apply to * * * movements of sick, injured, or deceased persons by ambulance or hearse."

Portions of the definition section of the Act are also germane to a consideration of the controversy:

§ 39–287(d): "The term 'wholesale sale' means a sale of tangible personal property by wholesalers to retail merchants, jobbers, dealers or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale."

§ 39–287(f): "*Exempt sales.*—(i) Each purchase of tangible personal property or product made by a person engaged in the business of manufacturing, processing, compounding for sale, profit or use, any article, substance or commodity which directly enters into and becomes an ingredient or component part of the tangible personal property or product which he manufactures, processes, compounds, or the furnished container, label, or the shipping case thereof, shall be deemed a wholesale sale and shall be exempt from taxation under this act. * * * (iv) Each purchase of services are [as] defined in section 4(b) of this act [§ 39–291(b)], by a person engaged in compounding and selling a service of a like

kind, which is subject to tax under subsection (b), section 39–291 * * * and directly used in compounding such taxable service shall be deemed a wholesale sale and shall be exempt from taxation under this act."

Plaintiffs submit that the services are clearly wholesale transactions and are thereby beyond the operation of the Act by either express exemption or reasoned consideration of the intention of the legislature.[1] In that connection we note the rather extensive history of the sales tax Act presented by the plaintiffs but find nothing in that history supporting plaintiffs' thesis. Plaintiffs also point out that in consideration of Art. 3, § 24, Wyo. Const., requiring that the subject of a bill be clearly expressed in the title, the legislature limited application of the Act to retail sales and that where a sale is patently wholesale it cannot be regarded in the class of transactions taxed thereunder. State v. Capital Coal Co., 54 Wyo. 176, 88 P.2d 481, and State Board of Equalization of Wyoming v. Stanolind Oil & Gas Co., 51 Wyo. 237, 65 P.2d 1095, are cited—not for their actual holdings, the cases having been decided during the effective period of statutes different from those here before us, but rather for certain philosophies which the court expressed in arriving at the decisions, e. g., the giving of the statute "a rather broad meaning" and "Legislative policy may carry a statute beyond the strict letter," 88 P.2d at 483. While we do not minimize those statements, any reliance thereon must be interpreted in the light of the applicable statutes.

■ Scrutiny of the Act shows that services are not included in the definition of wholesale and for exempt sales to be "wholesale" services must be purchased and directly used by a person engaged in selling a service of a like kind. Under that limitation, the reasoning adopted by this court in the mentioned former cases is

1. If any doubt exists about the nature of that taxed in the instant situation, it is resolved by the plaintiffs' brief, "The ultimate fact is that, pursuant to contract, appellants render *transportation services* to mining and mineral processing companies." (Emphasis supplied.)

without force, and the mere fact that the cost of the transportation service is a factor entering into the total cost of the product does not affect the viability of the tax here assessed. The board well points out that any such criteria cannot be the basis for exemption, and if it were, the multitude of items entering into the production costs would make the administration of a sales tax act impossibly cumbersome.

■ We approve the reasoning of the trial court in its memorandum opinion in holding, consistent with the views expressed in Woodson v. State, 57 Wyo. 305, 116 P.2d 852, and State v. Holly Sugar Corporation, 57 Wyo. 272, 116 P.2d 847, that the transportation of persons was a retail sale and taxable.

■ Counsel have called the court's attention to the passage subsequent to the trial court's judgment in the present case of c. 234, S.L. of Wyoming, 1971, which amended § 39–291(b) (i) by adding as another exception the following clause "or to contract transportation of employees to and from work, whether paid or contracted for by the employee or his employer." They argue that this clears up an uncertainty and is persuasive of the interpretation which the court should give the former statute and cite as support 2 Sutherland, Statutory Construction § 5110 (3 ed.). We disagree. It is true that Sutherland states generally:

"Where a former statute is amended, or a doubtful meaning of a former statute rendered certain by subsequent legislation a number of courts have held that such amendment or recent legislation is strong evidence of what the legislature intended by the first statute. * * *"

However, as that text also observes, pp. 526–527, n. 1, citing Roche v. Jordan, C.C. N.Y., 175 F. 234, 236, "If the former statute has been given a contrary judicial construction before the subsequent statute the latter will not control." See also State v. Holly Sugar Corporation, supra, 116 P.2d at 850–851; People ex rel. Clark v. Village of Wheeling, 24 Ill.2d 267, 181 N.E.2d 72, 73. Furthermore, no valid basis is advanced for the pivotal assumption by plaintiffs that the statute is uncertain or ambiguous.

■ We are well aware of the familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter and that in this respect it has been declared that he who considers merely the letter of an instrument goes but skin deep into its meaning,[2] nevertheless, resort may be had to construction only in case of ambiguity. Montoya v. McManus, 68 N.M. 381, 362 P.2d 771, 776; Anderson v. I. M. Jameson Corporation, 7 Cal.2d 60, 59 P.2d 962, 966.

Affirmed.

2. 50 Am.Jur. Statutes § 240, pp. 234–235.