# Richmond

## SAVAGE TRUCK LINE, INCORPORATED v. COMMONWEALTH OF VIRGINIA.

January 21, 1952.

Record No. 3925.

Present, All the Justices.

238

The opinion states the case.

*Oscar L. Shewmake, John C. Goddin* and *Albert T. Ellwanger, Jr.,* for the appellant.

*J. Lindsay Almond, Jr., Attorney General, Henry T. Wickham, Assistant Attorney General* and *William C. Seibert,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

This is an appeal from an order of the State Corporation Commission denying the application of Savage Truck Line, Incorporated, for refund of gross receipts road taxes amounting to $1,919.14, alleged to have been erroneously imposed for the period from January 1, 1949, to September 30, 1950, pursuant to Code, § 58-638. The facts are not in dispute and a decision of the matter turns upon the proper interpretation of this and the related section which are printed in the margin.[1]

---

[1]"*Road Tax on Motor Vehicle Carriers of Passengers and Property; Based on Gross Receipts.*

"§ 58-638. *Rate of tax; levy.*—Except as hereinafter otherwise provided, every person who operates, or causes to be operated, on any highway in this State, any motor vehicle, trailer or semitrailer for the transportation of property for compensation, whether for rent, or for hire, or as a contract carrier, or as a common carrier, and every common carrier by motor vehicle, trailer or semitrailer of passengers, shall pay quarterly to the State Treasurer, on or before the fifteenth day of April, July, October and January of each year, in addition to any other fees and taxes imposed by law upon motor vehicles, trailers and semitrailers, and upon the operation thereof, and in addition to any motor fuel tax paid or payable by such person, a road tax

The appellant is a Delaware corporation with its principal office in Dover, and its executive office in the city of Norfolk, Virginia. It is a common carrier of freight by motor vehicle in interstate commerce both within and without the State of Virginia under authority granted to it by the Interstate Commerce Commission.

During the calendar years 1949 and 1950 its vehicles were operated on certain of the public highways of Virginia and other States between Norfolk and Philadelphia and New York. Its northbound vehicles proceed over the Virginia highways from Norfolk to Little Creek, in Princess Anne County, at which point they are driven onto the ferryboats of the Virginia Ferry Corporation, a public service corporation, and transported across the waters of the Chesapeake Bay to the northern terminus of the ferry, which was formerly at Cape Charles and is now at Kiptopeke. The distance from Little Creek to Cape Charles is twenty-six miles, and that from Little Creek to Kip-

calculated on the gross receipts derived from such operations during the quarter year ending with the preceding month, according to the following schedule:

"(1) Two per centum of the gross receipts derived by such person from all intrastate operation; and

"(2) Two per centum of such proportion of the gross receipts derived by such person from all interstate operations as the total number of miles traveled in interstate operations by the vehicles of such person on the public highways of this State bears to the total number of miles traveled in interstate operations by the vehicles of such person both within and without this State, including miles traveled on streets in cities and towns embraced within the highway system of this State, but exclusive in each case of the miles traveled in this State on any street maintained exclusively by any city or town.

"All taxes so collected shall be credited to the highway maintenance and construction fund.

"The provisions of this section shall apply for the tax year beginning January first, nineteen hundred forty-nine, and annually thereafter until otherwise provided by law."

"§ 58-638.1. *Charges of cities and towns for use of roads, streets, ferries and bridges; bridge tolls and ferry charges deductible from gross receipts.*—Nothing in this article shall be construed to preclude any city or town through which any motor vehicle carrier operates from imposing a reasonable charge on such motor vehicle carrier for the use of the streets, roads or routes, including bridges, other than toll bridges, maintained by such cities or towns; provided, however, that such charge for motor vehicle carriers shall not exceed one-fifth cent per mile for each mile operated within such city or town by any vehicle weighing five thousand pounds or less; two-fifths cent per mile for each mile so operated by any vehicle (weighing) more than five thousand pounds and less than fifteen thousand pounds; and three-fifths cent per mile for each mile so operated by any vehicle weighing more than fifteen thousand pounds. Amounts expended by such carriers after February first, nineteen hundred fifty, for tolls and charges for crossing toll bridges and ferries in this State shall be deductible from gross receipts in computing the amount thereof subject to taxation under this article." (1950 Cum. Supp. to Code 1950; Acts 1950, ch. 464, p. 898.)

topeke is twenty-one miles. From this northern terminus of the ferry the vehicles proceed northwardly over the Virginia highway which extends along the Eastern Shore peninsula to the Maryland line.

During the period in question the appellant paid to the Virginia Ferry Corporation tolls and charges for the transportation of its trucks and their drivers between the southern and northern ferry terminals.

The freight rates charged by the appellant for the transportation of goods from Norfolk to Philadelphia and New York are the same whether the vehicles proceed via the shorter ferry route just outlined or via a longer overland route through Richmond.

Code, § 58-638, imposes on "every person who operates, or causes to be operated, on any highway in this State, any motor vehicle, trailer or semi-trailer for the transportation of property for compensation, * * * as a common carrier, * * * a road tax calculated on the gross receipts derived from such operations * * *."

If the carrier's operations are entirely intrastate a tax of "two per centum of the gross receipts" derived therefrom is imposed.

If the carrier operates in interstate commerce, as the appellant does, a tax of two per centum of an allocated proportion of such gross receipts is imposed, such proportion being that which "the total number of miles *traveled* in interstate operations by the vehicles of such person *on the public highways of this State* bears to the total number of miles *traveled* in interstate operations by the vehicles of such person both within and without this State." (Italics supplied.)

The contention of the appellant is that in calculating "the total number of miles traveled in interstate operations * * * on the public highways of this State," it is entitled to exclude the number of miles which its vehicles were transported by the Virginia Ferry Corporation across the navigable waters of the Chesapeake Bay.

The argument of the appellant may be summarized thus: The levy here imposed is a "road tax" for the use of the State's highways; unless it were, it could not lawfully be imposed on vehicles engaged in interstate commerce; while being transported on the ferry steamers of the Virginia Ferry Corporation

across the waters of the Chesapeake Bay, the appellant's vehicles are not traveling "on the public highways of this State" within the meaning of the statute; and hence in computing the tax under the statutory formula the ferry mileage should not be included in the miles traveled by such vehicles in Virginia.

The levy is, of course, a road tax. Section 58-638 says so, and provides that such taxes "shall be credited to the highway maintenance and construction fund."

A ready answer to the contention that the water mileage should be excluded from the Virginia mileage in the computation of the tax is the language of the pertinent statutes involved. Sections 58-638, 58-638.1. While these statutes in express terms provide for other exclusions or deductions in computing the tax, they do not provide for the particular exclusion contended for by the appellant.

Section 58-638 expressly provides that the number of miles "traveled in this State on any street maintained exclusively by any city or town" shall be excluded in the calculation of interstate gross receipts mileage.

Again, section 58-638.1 (Acts 1950, ch. 464, p. 898) provides that, "Amounts expended by such carriers * * * in this State shall be deductible from gross receipts in computing the amount thereof subject to taxation under this article."

The circumstances under which this latter provision was written into the law strengthen our view that the General Assembly has incorporated in the related statutes all exclusions or deductions intended. The gross receipts road tax was first imposed by Acts of 1930, ch. 419, p. 900,[2] and was amended and reenacted by Acts of 1932, ch. 360, p. 710 *ff*.[3] Neither of these statutes carried a provision expressly exempting bridge and ferry tolls.

In *Peninsula Transit Corp.* v. *Commonwealth*, 165 Va. 614, 183 S. E. 446, the carrier claimed the right to deduct bridge and ferry tolls, arguing that "the receipts intended by the Act should be limited to such as are derived by motor vehicles in the use of such State highways." (165 Va., at page 617, 183 S. E., at page 447.) But both the Commission and this court held that since the tax was on gross receipts, without provision

[2] Michie's Code of 1930, § 4097-t.
[3] 1932 Supplement to Michie's Code of 1930, § 4097-y-19.

for the deduction of the ferry and bridge tolls, they could not be deducted.

The opinion of this court in that case was announced on January 16, 1936, at which time the General Assembly was in session. By Acts of 1936, ch. 406, p. 760, the statute was amended to allow the deduction by a carrier from its gross transportation receipts the amount expended "for tolls and charges for crossing toll bridges and ferries in this State."[4] But the amendment carried no provsion for the deduction of ferry mileage in the computation of the gross receipts tax.

Through error this amendment permitting the deduction of bridge and ferry tolls was omitted from the 1950 Code, and when the oversight was discovered the deduction was restored by Acts of 1950, ch. 464, p. 898 (Code 1950, Cum. Supp., § 58-638.1, *supra,* note 1), retroactive to February 1, 1950, the effective date of the Code, in order that there might be no time gap in the right of such deduction.

Again, the General Assembly made no provision for the deduction of the ferry mileage in the computation of the gross receipts tax.

Since the statute contains no express provision for the deduction of the ferry mileage in computing the Virginia mileage, does a fair interpretation of it require that such mileage be included? We agree with the Commission that it does.

The appellant admits that in a generic sense the term "highway" embraces "all kinds of public ways, including ferries."[5] But it argues that since the ferry in question is not owned or operated by the State as an integral part of the State highway system, it is not within the meaning of "the public highways of this State," as these words are used in section 58-638.

In *Almond* v. *Gilmer,* 188 Va. 822, 838, 51 S. E. (2d) 272, 278, we held that "a public ferry is a public highway;" that "ferries, as well as bridges, are connecting parts or stretches of public roads."

In *State Highway Com'r* v. *Yorktown Ice, etc., Corp.,* 152 Va. 559, 147 S. E. 239, we held that ferries are public highways regardless of ownership. In the course of that opinion we quoted with approval this excerpt from *Patterson* v. *Wollmann,* 5 N. D. 608, 612, 67 N. W. 1040, 1042, 33 L. R. A. 536, 538:

---

[4] Michie's Codes of 1936 and 1942, § 4097-y-21.
[5] See 22 Am. Jur., Ferries, § 2, p. 553; 36 C. J. S., Ferries, § 1, p. 678.

" 'A ferry is a moving public highway upon water. * * * The ferry may be directly under public control, or the sovereign power may authorize a person or corporation to maintain this portable highway. When the power is delegated, the grantee of the franchise discharges a public duty in operating the ferry, and in the discharge of that duty he exercises a privilege which the State may grant or withhold at pleasure. The franchise does not consist of the right to sail his boat upon the stream, or to moor it by the shore. It is the privilege of operating a floating highway, of establishing and maintaining a public thoroughfare over water, and of charging tolls for the facilities for passage so afforded. Whatever right is enjoyed by the citizens in this regard is derived exclusively from the sovereign power, which has full control over the whole subject. The State may exclude all persons from the business. It may run all ferries itself.' " (152 Va., at pages 569, 570.)

Other judicial holdings to the same effect are cited in the opinion in the *Yorktown Case*.

In the case now before us the ferry line is a link in State Highway No. 13, which leads from a point west of Norfolk to Little Creek and thence northwardly along the Eastern Shore peninsula to the Maryland line.

The phrase "the public highways of this State," as used in section 58-638, we think, means "the public highways *in* this State." It will be observed that under the terms of the section the tax is levied on every person who operates, or causes to be operated, a motor vehicle carrier on "any highway in this State." The tax is computed on the number of miles traveled "on the public highways of this State." Clearly, in each instance, the same character of highway is intended to be specified. These are not confined to highways which are owned and maintained by the State, but include as well public ferries which are links in the State highway system, when operated by public service corporations. *Almond* v. *Gilmer, supra; State Highway Com'r* v. *Yorktown Ice, etc., Corp., supra.*

The appellant argues that the water mileage should be excluded in the computation of its tax; because, it says, when its vehicles are being ferried across such waters they are not "*operating* on a public highway of this State."

This argument overlooks the plain language of the statute. As has just been pointed out, while the tax is levied on

"every person who operates, or causes to be operated," a motor vehicle carrier on "any highway in this State," the tax is computed on the number of miles "traveled" in interstate operations by vehicles on the State highways. When one rides on a common carrier for a number of miles he "travels" that distance. Similarly, when the appellant's vehicles are transported between the two terminals of the Virginia Ferry Corporation they "travel" the distance between these points.

Indeed, the appellant concedes that when his vehicles are carried over the Norfolk-Newport News ferry they have "traveled * * * on the public highways of this State" for the distance between these cities, and that such mileage is not deductible in calculating its Virginia mileage under the statute. It is true that this concession is made on the theory that this particular ferry is owned and operated by the State as a part of its highway system, but, as we have already seen, such public ownership and operation are not determinative of the matter.

Moreover, as pointed out by the Commission in its opinion, since the gross receipts tax was first imposed in 1930, it has been the administrative practice of the Commission to include the water carrier mileage in the computation of the tax on interstate operations.

In *Savage* v. *Commonwealth,* 186 Va. 1012, 45 S. E. (2d) 313, Savage, who was then operating individually under the trade name of Savage Truck Line, sought unsuccessfully, in the interpretation of the same statute, to deduct amounts paid for the use of leased equipment and the miles traveled over certain city streets. He did not in that case claim the right to deduct the miles traveled over ferries. In denying the claim there presented, what we said with respect to the effect of the administrative practice is applicable here:

"Moreover, the record discloses that, for a period of fourteen years, the Corporation Commission, in its construction of the statutes imposing the gross receipts tax upon carriers, held that the miles traveled over the State-selected streets of cities and towns, for the maintenance and construction of which contributions were made by the State, should be included in the Virginia miles in computing the tax. The statutes have been amended from time to time, and there has been no change or modification of the construction of the Commission. It also ap-

pears that until this case arose, the appellant himself had so construed the statute in making his reports to the Commission.

" 'So also, the practical construction given to a statute by public officials, and acted upon by the people, is not only to be considered, but in cases of doubt will be regarded as decisive. It is allowed the same effect as a course of judicial decision. The legislature is presumed to be cognizant of such construction, and, when long continued, in the absence of legislation evincing a dissent, the courts will adopt that construction.' " (Citing cases.)   (186 Va., at pages 1020, 1021, 45 S. E. (2d), at page 318.)

See also, *Commonwealth* v. *Appalachian Elec. Power Co.,* ante, p. 37, 68 S. E. (2d) 122, decided December 3, 1951.

■ We agree with the holding of the Commission that under the proper interpretation of section 58-638 the appellant, in computing its gross receipts tax, is not entitled to deduct from the total number of miles traveled in interstate operations by its vehicles on the public highways of this State the water mileage or distance that such vehicles were transported by the vessels of the Virginia Ferry Corporation across the waters of Chesapeake Bay.

We do not agree with the appellant's contention that since the levy is imposed for the cost and maintenance of the State's highways the inclusion of the ferry mileage in the calculation of its tax would bring the statute in conflict with the Federal Constitution.

■ In the recent case of *Capitol Greyhound Lines* v. *Brice,* 339 U. S. 542, 70 S. Ct. 806, 94 L. ed. 1053, 17 A. L. R. (2d) 407, it was clearly pointed out that a road tax need not be based on the mileage traveled along the State's roads. In that case the court held that a Maryland statute imposing an excise tax of two per centum of the value of all motor vehicles for which title certificates are issued for the privilege of using the State's roads was constitutional as applied to vehicles engaged in interstate commerce, saying:

"The taxes upheld have taken many forms. Examples are taxes based on mileage, chassis weight, tonnage-capacity, or horsepower, singly or in combination—a list which does not begin to exhaust the innumerable factors bearing on the fairness of compensation by each carrier to a state. The difficulty in gearing taxes to these factors was recognized by this Court as

early as *Kane* v. *State of New Jersey*, 242 U. S. 160, 168, 37 S. Ct. 30, 32, 61 L. ed. 222, where it said that so long as fees are reasonable in amount 'it is clearly within the discretion of the state to determine whether the compensation for the use of its highways by automobiles shall be determined by way of a fee, payable annually or semi-annually, or by a toll based on mileage or otherwise.' Later, in rejecting contentions that the validity of taxes must be determined by formula rather than result, the Court held that a flat fee on the privilege of using state highways 'is not a forbidden burden on interstate commerce' unless 'unreasonable in amount.' (Citing cases.) Yet clearly a flat fee is not geared to mileage, weight or any other factor relevant in considering the fairness of compensation for road use. Thus, unless we are to depart from prior decisions, the Maryland tax based on the cost of the vehicles should be judged by its result, not its formula, and must stand unless proven to be unreasonable in amount for the privilege granted.'' (339 U. S., at pages 544, 545.)

There is no showing in the present case that the inclusion of the water mileage in the computation renders the tax ''unreasonable in amount for the privilege'' of using the State's roads.

Nor does the statute discriminate against interstate and in favor of intrastate carriers. In calculating the tax due both are required to include water mileage.

For these reasons the order of the State Corporation Commission is

*Affirmed.*