# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

COMMONWEALTH OF VIRGINIA V. MARY BEULAH GREGORY.

June 16, 1952.

Record No. 3932.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *Henry T. Wickham, Assistant Attorney General,* for the Commonwealth.

*Holman Willis* and *Holman Willis, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Mary Beulah Gregory filed her application in the Hustings Court of the city of Roanoke against the Commonwealth of Virginia praying relief from an alleged erroneous gift tax assessment. The relief was requested pursuant to the provisions of Title 58, section 234 of the Code of 1950.

The applicant alleged that during the year 1949 she had made gifts and transfers of property to her two sons, W. Vernon Gregory and Dr. Grady P. Gregory, jointly, including a house and lot valued at $8,225. The tax on this house and lot is not in dispute.

She had also given and transferred to Gregory Realty Company, a partnership composed of her two sons, personal property of the value of $41,562.25, and real property of the value of $62,105.01. She contends that from these values she was entitled to deduct for the purposes of the assessment of gift taxes the sum of $19,776.40, representing the value of an annuity payable to her by the partnership pursuant to the terms of a contract between her and the partnership. She also claimed a deduction of $5,615.27 representing the Federal gift tax, and $757.44 representing the State gift tax. It was further alleged that the department of taxation, while allowing the annuity as a deduction, had refused to allow the gift tax deductions so claimed.

Applicant's main contention was that the property given by her to Gregory Realty Company, the partnership composed of her two sons, should, pursuant to Title 58, section 219, have been taxed under class A of the statute; that the partnership was composed of her sons and therefore the gifts were "for the use" of the sons within the meaning of said statute.

She alleges that contrary to her contention the department of taxation had assessed the gift taxes on the basis of the donations being made to a class C beneficiary with the resultant

higher rate of taxation and smaller exemptions applying to beneficiaries in this class. She seeks relief from this ruling.

It is further asserted that the alleged erroneous assessment was made through no fault of hers but was due to the misconstruction of the statute by the department of taxation. That in order to avoid penalties, interest, etc. she paid the sums claimed by the department amounting to $6000.18 gift taxes, $600.02 penalty thereon, and $181.50 interest, and she prays for a correction of the assessment and refund of the payments.

Applicant filed as exhibit A with her application a copy of the contract dated May 31, 1949, which is "by and between Mary Beulah Gregory, party of the first part, and Gregory Realty Company, a partnership composed of Dr. Grady P. Gregory and W. Vernon Gregory, trading and doing business as Gregory Realty Company, party of the second part, and Dr. Grady P. Gregory and W. Vernon Gregory in their own proper persons, parties of the third part * * *."

Under this agreement the partnership contracts, agrees and binds itself to pay unto Mrs. Gregory the sum of $4,800 per year, continuing throughout her life. These payments constitute the annuity above referred to. The contract further provides that if by reason of unusual expenses incident to any illness she should need more than the said sum of $4,800 per annum, the partnership agrees to contribute such reasonable additional sums as may be necessary. Dr. Grady P. Gregory and W. Vernon Gregory, designated as parties of the third part, personally guarantee the contract of the partnership for the payment of these sums.

The contract further provides that in consideration of the above payments Mrs. Gregory agrees to convey her property "to said partnership", and as a further inducement to the partnership contracting to make these guaranteed payments, she agrees to make a will in which she "will devise and bequeath unto the said partnership any and all property" which she may own at the time of her death.

Answering the application the Commonwealth admitted the allegations of fact contained therein but contended that the conclusions of law were erroneous. The answer asserted that the Federal and State gift taxes were properly excluded as deductions, and it also denied "that the gifts should have been taxed as if made to or for the use of a class A beneficiary since

they were made to and for the use of a partnership which comes within the provisions of the statute dealing with class C beneficiaries''. The Commonwealth asserts that the assessment is correct and that the application should be dismissed.

Upon the issue thus joined the court decided (1) That the amount of the Federal and State gift taxes was properly excluded as an exemption, and (2) That the gift to the partnership composed of sons of the donor was a gift to beneficiaries in class A under the statute.

An order was entered carrying the judgment into effect, and awarding Mrs. Gregory a refund of $5,502.18. The Commonwealth excepted to the order in so far as it held that the gift to the partnership fell under class A. No assignment of cross-error was filed by Mrs. Gregory.

The error assigned by the Commonwealth is:

''The trial court erred in holding that the tax on the gift to the Gregory Realty Company should have been computed according to the provisions of section 58-219 of the Code with reference to class A beneficiaries, rather than to class C beneficiaries, thus allowing an exemption of $5,000.00 on the gift to the said Gregory Realty Company.''

The sole question for decision is narrowed down to one point stated thus:

''Is the fact that a firm or partnership is composed of class A beneficiaries material in determining the rate of gift taxes under section 58-219 of the Code?''

The statute involved reads:

''§ 58-219. *Classification of beneficiaries; exemptions and rates of tax.*—For the purposes of this chapter, the classification of beneficiaries, their exemptions and the rates of taxation shall be as follows:

''*Class A.* .The father, mother, grandfathers, grandmothers, husband, wife, children by blood or by legal adoption, grandchildren and all other lineal ancestors and lineal descendants of the donor shall constitute class A.

''So much of such property as has the actual value of five thousand dollars and so passes to or for the use of any class A beneficiary shall be exempt from taxation hereunder.

''So much of such property as shall so pass to or for the use of a class A beneficiary shall be subject to a tax of one per centum of the actual value of so much thereof as is in excess

of five thousand dollars and is not in excess of fifty thousand dollars; to a tax of two per centum upon so much thereof as is in excess of fifty thousand dollars and is not in excess of one hundred thousand dollars; to a tax of three per centum upon so much thereof as is in excess of one hundred thousand dollars and is not in excess of five hundred thousand dollars; * * *

"*Class B*. The brothers, sisters, nephews and nieces of the whole or half blood of the donor shall constitute class B. * * *

"*Class C*. Grandnephews and grandnieces of the donor and all persons other than members of classes A and B and all firms, institutions, associations and corporations shall constitute class C.

"So much of such property as has the actual value of one thousand dollars and so passes to or for the use of any class C beneficiary shall be exempt from taxation hereunder.

"So much of such property as shall so pass to or for the use of a class C beneficiary shall be subject to a tax of five per centum of the actual value of so much thereof as is in excess of one thousand dollars and is not in excess of twenty-five thousand dollars; to a tax of seven per centum upon so much thereof as is in excess of twenty-five thousand dollars and is not in excess of fifty thousand dollars; to a tax of nine per centum upon so much thereof as is in excess of fifty thousand dollars and is not in excess of one hundred thousand dollars; to a tax of twelve per centum upon so much thereof as is in excess of one hundred thousand dollars and is not in excess of five hundred thousand dollars; * * *."

A firm is defined as "A partnership; * * *". Black's Law Dictionary, 3rd Ed.; *Boyd* v. *Thompson*, 153 Pa. 78, 82, 25 A. 769, 34 Am. St. Rep. 685. A partnership is defined by section 50-6, Virginia Code, 1950, as "An association of two or more persons to carry on as co-owners a business for profit", and by Webster's New International Dictionary, 2nd Ed., as "* * * a firm * * *".

Under the statute *all firms* are class C beneficiaries and, as Gregory Realty Company is *a firm,* it follows that it is a class C beneficiary.

Applicant argues that the property in question was conveyed to the partnership "for the use" of the sons who are class A beneficiaries. We cannot agree with this contention.

This conveyance was made on Mrs. Gregory's part for her benefit and it was accepted by the firm, with resultant partnership advantages, for its benefit. It was not conveyed to the partnership as trustee "for the use" of the sons.

Who composed the firm of Gregory Realty Company is beside the point. The department of taxation is not required to inquire into the personnel of a partnership. A firm conceivably could be made up of beneficiaries including all classes, A, B and C. In such event clearly it would not be the duty of the department to determine the relationship of each partner. The legislature here treats a partnership as a unit. The classification of the individual members of the firm is not taken into consideration.

When statutes are ambiguous and complex it becomes the duty of courts charged with their construction to search out the true intent of the legislature and to try to give a construction which will carry out the legislative will. But where a statute is simple and plain and no ambiguity exists courts are bound to follow the law as written.

The enactment of a statute, within constitutional bounds, is a legislative responsibility. The application of the law as written is a responsibility of the courts. We cannot be concerned with the wisdom of legislation legally adopted. "To declare what the law is, or has been, is a judicial power; to declare what the law shall be is legislative." 50 Am. Jur., Statutes, § 219, page 198; *Foote* v. *Nickerson,* 70 N. H. 496, 48 A. 1088, 54 L.R.A. 554.

The statute here under consideration is plain. It makes no distinction between a family firm and any other firm. "All firms" fall under class C designation. No express provision is contained in the statute for the exemption here claimed and we cannot allow it. *Savage Truck Line, Inc.* v. *Commonwealth,* 193 Va. 237, 68 S. E. (2d) 510; *Peninsula Transit Corp* v. *Commonwealth,* 165 Va. 614, 183 S. E. 446.

For the reasons herein expressed that portion of the order allowing the gift to the partnership to be classified as a class A exemption is reversed and final judgment will be here entered in favor of the Commonwealth, denying the application for a refund of the tax levied in the sum of $5,502.18.

*Reversed and final judgment.*