# Richmond

COMMONWEALTH OF VIRGINIA v. HARVEY M. JONES

March 9, 1953.

Record No. 4021.

Present, All the Justices.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General,* and *Henry T. Wickham, Assistant Attorney General,* for plaintiff in error.

*Robert C. Lyne,* for defendant in error.

WHITTLE, J., delivered the opinion of the court.

The Commonwealth, by this appeal, is challenging the correctness of a judgment entered in the Chancery Court of the City of Richmond, by which the assessment of an additional merchant's license tax against appellee for the year 1950 was ordered corrected and vacated and appellee thus exonerated from payment of the tax sought to be collected under it.

The record discloses that Harvey M. Jones and George R. Gooding were partners engaged in the business of retail merchants. On January 12, 1949, Gooding died and in winding up his estate Jones became the purchaser of Gooding's interest in the

business, including all rights of the parties in the retail merchant's license for the year 1949, which was assignable under the provisions of Virginia Code, 1950, § 58-256.

In January, 1950, Jones paid a license tax for that year based on 1949 sales of $236,927. Sales during 1950 amounted to $340,349.52, which showed an increase of $103,422.52.

In June, 1951, the Department of Taxation assessed an additional license tax of $206.84 against Jones for the year 1950, based on the increased sales in 1950 over sales in 1949, the result being that the total license tax assessed for 1950 was based on true sales for that year.

Code, § 58-321 requires every person, firm and corporation engaged in the business of a retail merchant to pay an annual license tax for the privilege of doing business in this State. This tax is measured by the amount of sales made by the person, firm or corporation during the next preceding year. A retail merchant beginning business or one who has been in business for only a part of the next preceding license year is required to pay a license tax for the current year based on the estimated sales through the then-current license year. Code, §§ 58-324 and 58-325.

Code, § 58-326 provides that if the estimated sales under either of the preceding sections are less than the true sales during the period involved, the Department of Taxation is charged with the duty of assessing such additional taxes as may be found to be due.

Jones filed an application for the correction of the assessment for 1950, which he claimed to be erroneous for the reason that the basis for his license tax should have been the sales in the business during the year 1949. His argument was based upon the theory that when he took over the business as the sole proprietor he was not ''beginning business'' within the meaning of §§ 58-324 and 58-325, but was continuing the business formerly operated by Jones and Gooding, within the intent of Code, § 58-257.

The trial court sustained Jones' contention and ordered the additional assessment corrected and vacated, and Jones was thus exonerated from the payment of the added tax. To the judgment entered on the order we granted an appeal.

The section of the Code here under consideration reads:

''§ 58-257. *Effect of change in partners or name of firm.*—

No change in the name of firm, nor the taking in of a new partner, nor the withdrawal of one or more of the firm, shall be considered as commencing business, but if any one or more of the partners remain in the firm, the business shall be regarded as continuing; and if they dissolve and one or more of the partners continue business, any tax on the purchases, sales or profits of the business, which might otherwise be chargeable to the firm, may be apportioned among them according to the justice of the case."

Jones, as heretofore stated, contends that under the provisions of the statute his business should be regarded as a continuation of the business of the former partnership and not a "commencing business".

On the other hand, the Commonwealth argues that § 58-257 applies only to partnerships and firms, and that since the taxpayer in this instance is not a partnership or a firm he is to be treated as "commencing business".

Jones argues in his brief that the court must reconcile the words "one" and "firm", as they are used in the quoted section in order to give meaning to the statute; that the statute says nothing about any continuing partnership but states that the business, the subject of the tax, shall be regarded as continuing if one or more of the partners remain in the firm, meaning *former* firm or enterprise. If only one member of a firm (or former firm) remains to continue the business which is the subject of the tax, the ownership, which is not the subject or measure of the tax, is changed to a sole ownership and the statute states that the continuity of the business (not partnership) shall be preserved in that instance; that if, as the statute states, the business shall be regarded as continuing, manifestly the continuing owner should not be regarded as a beginner; that the Commonwealth's theory is predicated upon the incorrect construction of the word "firm" as used in § 58-257 as necessarily meaning more than one person, and that it gives no consideration to the use of the word *one* in the clause "but if any one or more of the partners remain in the firm."

We agree with appellee's reasoning. Under partnership law the death of a partner dissolves the partnership. When Gooding died the partnership of Jones and Gooding continued only for the purpose of winding up the partnership affairs. When

this was accomplished by the sale of Gooding's interest to Jones the partnership ceased to exist.

Section 58-257 provides, in part: " * * * but if any *one* or more of the partners remain in the firm, *the business shall be regarded as continuing; * * *"*. (Italics supplied) The partnership or firm does not necessarily continue but the business *shall be regarded* as continuing.

In this instance Jones, one of the partners, remained, and the business continued under his proprietorship. Here the legislature is treating the unit-subject of the license tax as *the business*. The tax is measured by sales made in the due course of business. The classification of owners plays no part in the basis of the tax. Whether the business be owned by an individual, a corporation, or a partnership or firm composed of many individuals, the tax applies to either or all alike. It is assessed and collected on the basis of sales made in the business.

Under the Commonwealth's interpretation the statute would apply in a case where one or more partners withdrew from a partnership, leaving as many as two partners remaining, but it would not apply in a case where, by virtue of the withdrawal of partners, a single owner was left to carry on the business.

The Commonwealth suggests that Jones, in order to come within the purview of the statute, should have taken in a partner when he bought Gooding's interest in the business. The answer to this is that the statute exacts no such requirement, and we have no right to amend this tax law to include the suggestion.

In this instance "firm" is used in a broad sense, meaning the business to which the tax relates, and not in the narrow, technical sense denoting a partnership.

"In construing a taxing statute, that interpretation is to to be adopted which lays the burden uniformly on all standing in the same degree with relation to the tax adopted, or, stating it somewhat differently, tax laws should be construed so as to make their application fair and to avoid arbitrary results." 51 Am. Jur., Taxation, § 315, pp. 365-366.

"Legislatures do not purposely intend to impose irrational, illogical, or unjust burdens of taxation, and statutory language imposing such a burden should be so clear and unambiguous as to leave no room for debatable interpretations." *State ex rel. Brewster* v. *Wilson*, 102 Kan. 752, 172 P. 41, L. R. A. 1918D 955.

The prime requisite of any statute is clarity and certainty,

and this is especially true when applied to tax statutes. *Williams* v. *Richmond,* 177 Va. 477, 14 S. E. 2d 287, 134 A. L. R. 833.

"If * * * an interpretation can be made, consistent with the language used, which will carry into effect the object sought to be accomplished by the statute, that interpretation should be adopted, in preference to one which would be equally consistent with the language used, standing alone, but which would defeat, or tend to defeat, the manifest intent of the legislature." *Harris* v. *Commonwealth,* 142 Va. 620, 625, 128 S. E. 578.

In order to agree with the interpretation placed upon the statute by the Commonwealth, it would have to be changed to read: If *more* than one of the partners remain in the firm the business shall be regarded as continuing. This would be a strained interpretation, contrary to the universal rule that a tax statute must be strongly construed against the government and in favor of the taxpayer. *Commonwealth* v. *Appalachian Elec. P. Co.,* 193 Va. 37, 68 S. E. 2d 122; *Williams* v. *City of Richmond, supra;* 18 M. J., Taxation, § 10, page 136.

As far back as 1846, in *Plumer* v. *Commonwealth,* 3 Gratt. (44 Va.) 645, 647, it was said: " * * * in the revenue laws, when clauses * * * are ambiguously or obscurely worded, the interpretation is ever in favour of the subject (taxpayer); 'for this plain reason' said Heath, Justice, in Hubbard v. Johnston, 'that the legislature is ever at hand to explain its own meaning, and to express more clearly what has been obscurely expressed'."

A statute should be construed so as to give effect to its component parts. Its meaning should not be derived from single words isolated from the true purpose of the Act. *Rackliff* v. *Inhabitants of Greenbush,* 93 Maine 99, 44 A. 375.

In this instance the statute is too plain to permit a contrary interpretation placed upon it by an administrative agency to change its meaning. *Commonwealth* v. *Appalachian Elec. P. Co., supra,* (193 Va., at page 45).

A reference to *Commonwealth* v. *Gregory,* 193 Va. 721, 71 S. E. 2d 80, relied upon by the Commonwealth, will disclose that it has no application in this instance. In that case we were dealing with a partnership composed of two brothers trading as Gregory Realty Company, and there we held that under § 58-219 of the Code (a gift statute) all firms are class "C" beneficiaries,

and as this partnership (the beneficiary) was a firm, it necessarily came within the purview of the statute.

We are of the opinion that the learned trial judge correctly held that the business should be regarded as continuing, and the judgment is

*Affirmed.*

EGGLESTON, BUCHANAN, and SMITH, JJ., dissenting.

SMITH, J., dissenting.

I disagree with the majority opinion and would reverse the judgment of the trial court and dismiss the taxpayer's application for correction of the assessment complained of.

The difficulty with this case centers on the meaning of the following clause found in Code, § 58-257; "* * * but if any one or more of the partners remain in the firm, the business shall be regarded as continuing; * * *." In fact, the issue can be narrowed to the meaning of the single word "firm," for it is on the definition of this word that the decision must rest.

The majority opinion states that "The partnership or firm does not necessarily continue but the business *shall be regarded* as continuing." This seems to imply that the word "firm" means partnership, but further on it is said that "In this instance 'firm' is used in a broad sense, meaning the business to which the tax relates, and not in the narrow, technical sense denoting a partnership." This is a gratuitous assumption without authority of the very point in issue.

All through Chapter 7, Title 58 of the 1950 Code, which deals with "Licenses Generally" (and includes § 58-257) reference is made to three different types of business organizations; *viz.,* (1) an individual or person, (2) a firm, and (3) a corporation. Section 58-321, for example, states that "Every person, firm and corporation engaged in the business of a retail merchant shall pay a license tax * * *." Section 58-241 requires that the application for a license shall state "(5) Whether the applicant is an individual, a firm or a corporation; (6) The name and residence address of each member of the firm, * * *." And § 58-242, provides that "If the applicant be an individual the affidavit must be made by him, if a firm by one of the members and if a corporation by the officer having knowledge of the correctness of the statements made in the application."

This shows conclusively, I think, that "firm" was used in the narrow, technical sense denoting a partnership and not in a broad sense, meaning the business to which the tax relates.

This conclusion is inescapable, not only when § 58-257 is considered in the general context of Chapter 7, Title 58, but when the section is examined separately. The headline of the section refers to a change in partners (an obvious reference to a partnership) or name of firm; the name of the firm being the name under which the partnership conducts its business. The body of the section speaks of the taking in of a new partner and, conversely, the withdrawal of one or more of the firm. This language indicates that the business entity referred to is a partnership.

Moreover, the word "firm" is used three times in § 58-257. It is not argued that as used in the first and second instances, it means anything else but a partnership; however, the majority say that the third time it is used it has a different meaning, *viz.*, "business." Yet it is a well-established rule of statutory construction that when the same word is used in different parts of the same statute, the presumption is that it is used in the same sense throughout the statute, unless a contrary intention clearly appears. *Bridgewater Man. Co.* v. *Funkhouser,* 115 Va. 476, 79 S. E. 1074.

The word "firm" in each instance here means "partnership"; any partnership that fulfills the requirements of the statute. Section 58-257 refers to "the withdrawal of one or more of the firm." It is familiar law that the conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership (Code, § 50-27); but even if it does, § 58-257 contemplates that the business may be continued by the formation of a new partnership; therefore, it is provided that the business shall be regarded as continuing so long as at least one partner, who was a member of the partnership before dissolution, remains in the firm. Let us assume, for example, that A, B, and C are engaged in the business of a retail merchant as co-partners. A new member, D, is taken into the partnership and the firm continues the business. Under the authority of *Peters* v. *McWilliams,* 78 Va. 567, the admission of D into the firm, *ipso facto,* dissolves the old partnership. Although the legal character of the partnership has changed "the business shall be regarded as continuing," and it is clear that the new partnership will

compute its license tax on the same basis as did the old partnership. Going back to our original illustration of A, B, and C, let us assume that A and B withdraw from the firm. If the remaining partner, C, secures one or more new partners to join with him in carrying on the business "the business shall be regarded as continuing," and this new partnership will be entitled to continue the computation of the license tax on the same basis as before. But if C continues the business alone, as Jones did, he is no longer a "partner" and he is not in a "firm" so §·58-257 does not apply to him.

This being the true intent of the statute, the alleged inconsistency between the words "one" and "firm" as argued by the taxpayer and adopted by a majority of the court is not an inconsistency at all. This section is directed to the situation where a partnership takes in a new partner (still a partnership) *or* one or more of the partners withdraw (still a partnership) and at least *one* partner remains in the firm. The *one* partner referred.to is a partner who was a member of the firm prior to the "withdrawal of one or more of the firm." The reconciliation of *one* and *firm* is that one old partner plus any number of new partners constitute the "firm" which is engaged in a business to be regarded as continuing.

The only reason why the legislature enacted § 58-257 is that it desired to establish a special rule for partnerships, by which their position taxwise is assimilated to that of corporations. Clearly a change of personnel of stockholders would not result in a corporation being considered as commencing business. Section .58-257 declares that a change of partners likewise produces no such result. Implicit, of course, is the idea that a partnership continues to conduct the business. Without § 58-257, every time a new partnership was formed under the technical legal rules applying in this branch of the law, it would be necessary to take out a new license as a beginner. By the enactment of § 58-257 it was intended.to cure this difficulty and it was specifically provided that the taking in of a new partner or the withdrawal of one or more would not effect a change in the business in so far as the computation of its license was concerned.

The majority opinion in broad language declares that the statute under consideration should be liberally construed and then proceeds to ignore the plain purpose and intent of the legislation by giving a construction to the statute directly in conflict

with the language used. `Three times this vital word "firm" is used in the section under consideration. It is conceded to mean a partnership in the first two instances, but in the third instance it has magically, by a co-called liberal construction, changed to mean a "business," a classification of taxpayer nowhere recognized in the chapter dealing with "Licenses Generally" and a name broad enough to be inclusive of individuals, partnerships, and corporation alike. And all of this is found in a statute dealing with the "Effect of change in partners or name of firm."

The majority opinion refers to the well-recognized rule that a tax statute must be most strongly construed against the government and in favor of the taxpayer. But this is not a case for the application of that rule. Under either construction of the statute the taxpayer sometimes will be benefited and sometimes not. It all depends on whether the sales for the preceding year were more or less than the sales of the current year. In the former case it is to the taxpayer's advantage to be considered a beginner, in the latter case it is not. What will the position of the majority be when another taxpayer comes and says he is injured by having to pay his license on the basis of the predecessor partnership's prior sales? Strict reliance on this rule would mean that each case would have to be decided solely on the question whether the particular taxpayer was benefited or not. The policy heretofore followed by the Department of Taxation on this question seems to be fair and equitable and in accord with the letter and spirit of the statute. In each case the taxpayer situated as is Jones always pays a license tax based on his true sales.

EGGLESTON AND BUCHANAN, JJ., concur in this dissent.