## CIRCUIT COURT OF FAIRFAX COUNTY

Hickerson Electric Service Corp.

v.

Drewer Development et al.

Case Nos. (Chancery) 121526, 121528, 121544

John F. Schriver et al.

v.

Drewer Development et al.

Case No. (Chancery) 121527

October 3, 1991

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the Demurrer by defendants Dominion Bankshares Mortgage Corp. et al. to the Bill to Enforce Mechanic's Lien. The Court has considered the arguments of counsel, the briefs presented, and the authorities cited. For the reasons that follow, the Demurrer is overruled.

The defendants claim that the Memorandum of Mechanic's Lien filed in this case is fatally defective even though it complies with the statutory form provided by § 43-5 of the Virginia Code (1950). Specifically, defendants argue that the Memorandum here, as well as any other Memorandum which follows the form in § 43-5, is defective unless it specifically includes in the body of the Memorandum a declaration of intention to claim the benefit of the lien as required by § 43-4.

Section 43-4 of the Code states as follows:

> A general contractor, or any other lien claimant . . . in order to perfect the lien given by Section 43-3, shall file . . . a memorandum showing the names of the owner of the property sought to be charged, and of the claimant of the lien, the amount and consideration of his claim, and the time or times when the same is or will be due and payable, verified by the oath of the claimant, or his agent, *including a statement declaring his intention to claim the benefit of the lien,* and giving a brief description of the property on which he claims a lien . . . . (emphasis added).

The next Code section, § 43-5, provides a form which the legislature has expressly stated will satisfy the requirements of § 43-4. The § 43-5 form includes a heading, "Memorandum for Mechanic's Lien Claimed by General Contractor." However, the body of the form does not contain any information which would satisfy the intention to claim a lien requirement.

Defendants argue that the mechanic's lien statutes are in derogation of the common law and must be strictly construed, citing *Woodington Electric, Inc. v. Lincoln Savings and Loan Ass'n.*, 238 Va. 623, 385 S.E.2d (1989), *Rosser v. Cole*, 237 Va. 572, 379 S.E.2d 323 (1989), and *Clement v. Adams Bros.-Paynes Co., Inc.*, 113 Va. 547, 75 S.E. 294 (1912). Defendants further argue that the heading of the Memorandum does not supply the requirement of Section 43-4 of a statement declaring intention to claim the benefit of the lien.

The plaintiff on the other hand argues that the apparent discrepancy between the two Code provisions should be resolved by reading the title to the § 43-5 form, "Memorandum for Mechanic's Lien Claimed by General Contractor," as satisfying the declaration of intention requirement of Section 43-4.

Generally, where two interpretations of a statute are possible, a Court should construe the statute in such a way as to uphold the intent of the legislature, rather than in a way which would nullify that intent. In *Harris v. Commonwealth*, the Court stated:

> If . . . an interpretation can be made, consistent with the language used, which will carry into effect the object sought to be accomplished by the statute, that interpretation should be adopted, in preference to one which would be equally consistent with the language used, standing alone, but which would defeat, or tend to defeat, the manifest intention of the legislature.

*Harris v. Commonwealth*, 142 Va. 620, 625, 128 S.E. 578 (1925); *see also Commonwealth v. Jones*, 194 Va. 727, 731, 74 S.E.2d 817 (1953); *Norfolk So. Ry. Co. v. Lassiter*, 193 Va. 360 (1952); *Bott v. Hampton Roads San. Comm.*, 190 Va. 775, 783 (1950).

The object expressed by the language of the statute as sought to be accomplished by § 43-5 is to provide parties with a form sufficient to satisfy the requirements of the mechanic's lien statute. In pertinent part, § 43-5 reads as follows:

> Section 43-5. *Sufficiency of memorandum and affidavit required by Section 43-4.* -- The memorandum and affidavit required by § 43-4 shall be sufficient if substantially in form and effect as follows . . . .

The plaintiff's interpretation of § 43-5, which requires reading the title as satisfying the intent to claim a lien requirement, effectuates the object sought to be accomplished by the statute. Conversely, the interpretation the defendants ask this Court to adopt would completely defeat the intention of the legislature in enacting Section 43-5, by making the form fatally defective. The Court adopts the construction urged by the plaintiff and the Demurrer is accordingly overruled.