## CIRCUIT COURT OF LOUDOUN COUNTY

J.S.C. Concrete Construction, Inc.

v.

Drewer Development Corp. et al.

May 8, 1995

Case No. (Chancery) 13715

BY JUDGE JAMES H. CHAMBLIN

The Demurrer filed by the defendants, First American Bank of Virginia and Commonwealth Abstract Corporation, Trustee, in this proceeding to enforce mechanic's liens raises the issue of whether the memoranda claiming the liens filed by the plaintiff, J.S.C. Concrete Construction, Inc., are defective because each memoranda does not contain a statement declaring the intention to claim the benefit of the lien.

After consideration of the argument of counsel on April 7, 1995, and the extensive memoranda filed by counsel, the Demurrer is overruled.

Section 43-4 does state that a memorandum of mechanic's lien shall include "a statement declaring (the mechanic's lienor's) intention to claim the benefit of the lien." Section 43-5 provides that the memorandum required by Section 43-4 shall be sufficient if substantially in the form and effect as set forth in the statute.

The memoranda of mechanic's lien filed by the plaintiff in this case (1) do not contain a specific statement of intention to claim the benefit of the lien and (2) do not contain the words "Memorandum for Mechanic's Lien Claimed by General Contractor." The memoranda merely state "Memorandum for Mechanic's Lien."

I agree with Judge Stevens' reasoning in *Hickerson Electric Service Corp. v. Drewer Development*, 25 Va. Cir. 247 (1991), and Judge Horne's opinion in *Hickerson Electric Service Corp. v. Drewer Development Corp.*, Chancery No. 13630 (Memorandum Opinion dated February 12, 1992, Circuit Court of Loudoun County). I agree that substantial compli-

ance with the form requirements of Section 43-5 meets the statement of intent requirement of Section 43-4. I do not necessarily agree that the statement of intent requirement of Section 43-4 is only met by a heading of the memorandum stating "Memorandum for Mechanic's Lien Claimed by General Contractor." I feel that just plain substantial compliance with the requirements of Section 43-5 is enough.

I am of the opinion that the memoranda filed by the plaintiff are substantially in the form and effect as provided by Section 43-5. The information required by Section 43-5 should determine substantial compliance. It should not be based on whether or not the mechanic's lienor blindly followed the words of the statute. It is clear to anyone who reads the memoranda filed by the plaintiff that it intends to claim the benefit of a mechanic's lien. This is sufficient to satisfy the statement of intent requirement of Section 43-4.