# Richmond

### Cliff Weil, Incorporated, T/A, Etc. v. City of Richmond.

March 8, 1971.

Record No. 7275.

Present, All the Justices.

*Harold H. Dervishian* (*Dervishian & Hutzler*, on brief), for plaintiff in error.

*William L. Wimbish, Assistant City Attorney for the City of Richmond,* for defendant in error.

Snead, C.J., delivered the opinion of the court.

On July 12, 1967 the City of Richmond instituted an action against Cliff Weil, Incorporated, trading as Tobacco City Wholesale Company (Cliff Weil) to recover a judgment in the sum of $9,708.12 for the 1964 license tax claimed to be due on its Admiral street operation. A trial was had and the court entered judgment for that amount. Upon petition of Cliff Weil we granted it a writ of error.

Cliff Weil, a Virginia Corporation, has operated as a wholesale merchant at 1315 East Main Street for a number of years. In March 1963 the corporation moved a portion of its business to 1209 Admiral street. At this location the corporation conducted its local

business and traded as Tobacco City Wholesale Company. The corporation continued to conduct its non-local business at the Main street location. All billings and purchases for both divisions were made through the main street location.

In rendering judgment for the City, the trial court ruled that the opening of the corporation's operation on Admiral street was a "beginning business" and as such the license tax was properly assessed.

The sole question for our determination is whether Cliff Weil was a "beginner" within the meaning of the City's tax ordinances when it commenced operation on Admiral street. If a "beginner", Cliff Weil concedes that the amount of tax assessed is correct.

Section 37-189[1] of the 1968 City of Richmond Code, as amended, provides:

"(a) Every person engaged in the business of a wholesale merchant shall obtain a license for the privilege of doing business in the city and shall pay a license tax therefor to be measured by the amount of purchases made by him or it during the preceding license year * * * and a separate license shall be obtained for each definite place of business."

Paragraph (c) defines purchases to be "all goods, wares and merchandise *received* for sale at each definite place of business of every wholesale merchant, * * *." (Emphasis added.)

Paragraph (f) sets out the basis for computing the license tax to be paid by a wholesale merchant "beginning business". Essentially, this basis is the amount of goods purchased to commence business and, in addition, "an estimate of purchases which the wholesale merchant will make between the date of the issuance of his license and the end of the current license year, * * *." However, where the wholesale merchant was licensed for only a part of the "next preceding year" paragraph (g) states that the current year's license tax "shall be computed for the then current license year on the basis of an estimate of purchases which the wholesale merchant will make throughout the then current license year * * *." The estimate of purchases which the wholesale merchant will make is also required by § 37-99 of the 1968 City of Richmond Code, as amended, and is referred to as the

---

[1] At the time the tax was assessed in December, 1966 the tax ordinances in question were contained in Chapter 35 of the 1963 Richmond Code, as amended. The record and briefs filed refer to the 1957 Richmond Code, as amended, where the tax ordinances in question were contained in Chapter 33. In any event the language of the quoted provisions has not been changed and appears in Chapter 37 of the 1968 Richmond Code, as amended,

beginner adjustment. Purchases ascertained by estimation are subject to correction after the close of the year upon the basis of actual purchases made.

Section 37-99, *supra*, requires every person beginning a business to make a beginner adjustment. A wholesale merchant, such as Cliff Weil, is required to estimate the amount of applicable tax base (i.e., purchases) for the period between the date of beginning business and the end of the then current license tax year. If the wholesale merchant was assessable for only a part of the "next preceding year" then he or it must estimate the applicable tax base for the "then current license year." The purpose of the beginner adjustment is to insure that license taxes will be paid for each year the wholesale merchant is in business.

The sections of the city's tax ordinances referred to above show the clear intention of the City to classify as a "beginner" any wholesale business operation that begins at a location in the City. It does not matter that the wholesale merchant may already operate at another location in the City for which a license to operate at that location has been obtained. Paragraph (a) of § 37-189 specifically states that separate licenses are required for each definite place of business. The tax required for the license is based on purchases made by the wholesale merchant during the preceding year. Only purchases, as defined by § 37-189(c), made at the location for which the license is issued, that is, goods *received* for sale at such location, can be considered in computing the amount of tax. The beginner adjustment must be made so that a wholesale merchant beginning business at a definite place will pay license taxes each year he or it operates at such definite place of business.

Cliff Weil began business at Admiral street in March 1963. However, rather than making the beginner adjustment for 1963, a partial year, and for 1964 its first full year of operation at Admiral street, Cliff Weil avoided the beginner adjustment by combining its Admiral street purchases with those at Main street. This was improper and Cliff Weil is liable for the additional tax assessed by the City.

Cliff Weil argues that it would not be liable for the additional tax had it moved its entire operation to Admiral street, and therefore should not be liable for the additional tax when it moved only a part of its business to Admiral street. However, if Cliff Weil had moved its entire operation it would only be operating at one location and § 37-110 of the 1968 City of Richmond Code, as amended, makes provision for altering the license to show the new address.

We conclude that Cliff Weil was a "beginner" within the meaning of the City's tax ordinances and therefore the additional tax was properly assessed. The judgment appealed from is

*Affirmed.*