## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

City of Richmond

    v.

Imp Pedlar, Ltd.

### June 14, 1972

### By JUDGE A. CHRISTIAN COMPTON

The facts are not in dispute. The plaintiff seeks recovery for the total sum of two assessments made as the result of a so-called "beginner adjustment" for license taxes claimed to be due the City for the calendar year and license year of 1970. Effective at midnight on December 31, 1969, certain portions of Chesterfield County, which included the defendant's two retail outlets here under consideration, became a part of the City of Richmond as the result of an annexation decree. Prior to this date and subsequent thereto during the year 1970, the defendant, a retail merchant, has conducted the same business operation at the same location. The change relating to these locations which gives rise to this suit is the extension of the City's boundary line to include the defendant's business.

The plaintiff has declared the defendant to be a "beginner" at the locations in question for 1970 license tax purposes. § 37-99, 1968 City of Richmond Code, as amended. Accordingly, the basis used for the 1970 license tax was "the actual amount of the applicable tax base at the end of" 1970. *Ibid.* An audit was conducted by the plaintiff in 1971 and resulted in the "beginner adjustment," the effect of which adjustment was to impose an additional tax liability upon the defendant in the amount sued for herein.

The sole issue here is whether the defendant, under these facts, may be properly classed as a "beginner." If

it is, the City prevails. If it is not, the defendant prevails.

The court holds that the defendant is not a "beginner" as contemplated by the applicable license tax ordinances of the City of Richmond.

Every person engaged in the business of a retail merchant must obtain a license for the privilege of doing business in the City of Richmond and must pay an annual license tax therefor. City Code § 37-188(a). The basis of this tax is determined by the sum of an "entry fee" and a certain percentage of the gross receipts of the business during the next preceding year. City Code Sections 37-188(b) and 37-95.

A retail merchant "beginning a business" must pay a license tax for the current year based on the estimated sales during that current license year or for the portion thereof if he has not been in business for that whole license year. §§ 37-188(e) and 37-99. Such estimate is subject to correction at the end of the current license tax year so that the final correct tax shall be based, in part, on actual sales made during the year for which the license was obtained. § 37-99. In this case, the estimated sales were less than the true sales for 1970 and this resulted in the additional tax liability aforesaid.

The plaintiff City argues that the defendant's license tax year began on January 1, 1970, since the license first became assessable on that date. Its Code § 37-98 provides, inter alia, that "[e]ach license tax year shall commence at the time when the license becomes assessable . . . ." It further asserts that the defendant is unable to furnish a figure representing its "gross receipts of the business" for 1969, within the meaning of City Code § 37-95, inasmuch as such section contemplates gross receipts from business during a preceding Richmond license tax year and the defendant during 1969 had a Chesterfield license tax year and not a "Richmond" license tax year. Therefore, the City argues, the defendant must be classed as a "beginner" under City Code §§ 37-99 and 37-188.

The City also maintains that its examination of books and records in connection with its audits would be hampered when a particular business has been located in another jurisdiction during the period of time when

the tax basis is established if a taxpayer, under these facts, is not classed as "beginner."

This case should be viewed against the background of several elementary and settled rules of law. First, tax ordinances must be strongly construed against the government and in favor of the taxpayer. *Commonwealth v. Jones,* 194 Va. 727, 731 (1953). Second, legislative bodies do not intentionally impose illogical or unjust burdens of taxation and if such a burden is to be imposed, it must be done by clear and unambiguous statutory language so as to leave no room for debatable interpretations. *Ibid.,* at p. 730. Thirdly, an interpretation should be adopted, consistent with the language used, which will carry into effect the object sought to be accomplished by the ordinance. *Ibid.,* at p. 731.

The object of similar ordinances of the plaintiff as are here under consideration has been stated in *Cliff Weil Inc.* v. *Richmond City,* 211 Va. 575 (1971). In referring to the "beginner" concept as it relates to a wholesale merchant, it was held that similar sections of the plaintiff's tax ordinance "show the clear intention of the City to classify as a 'beginner' any . . . business operation that *begins at a location* in the *City."* 211 Va. 577. (Emphasis added.) Moreover, it was said that "[t]he purpose of the beginner adjustment is to insure that license taxes will be paid for each year the . . . merchant is in business." *Ibid.* Furthermore, "[t]he beginner adjustment must be made so that a . . . merchant beginning business at a definite place will pay license taxes each year he or it operates at such definite place of business." *Ibid.* As therein expressed, the "beginner" concept provides a means whereby the government can establish an accurate and reliable basis upon which to compute the license tax liability of a beginner business so that license taxes will be paid for each year of operation at a specific location.

As the defendant points out, in this case the plaintiff has begun a new operation at a new location, whereas the defendant has continued to conduct the same business operation at the same location.

In carrying out the objective aforesaid, the plaintiff's legislative body has used language consistent with that objective. In each instance the use of the term "begin-

ner" contemplates a new business operation. City Code Section 37-99 speaks of "[e]very person *beginning a business*" in the first lines of the first and third paragraphs thereof; and speaks of "the date of *beginning business*" in the body of the same paragraphs. (Emphasis supplied.) The same is true of the second line of City Code § 37-188(e) wherein reference is made to the retail merchant "beginning business." In essence, "beginning" in these tax ordinances means exactly what it says, that is, "to commence some course of operation . . . to take the first step (in a business operation), to start." Webster's New International Dictionary, Second Edition, p. 246.

The meaning of the various ordinances appears plainly to dictate the conclusions heretofore stated. But if the plaintiff's reasoning be valid, then the ordinances become vague and uncertain and the same result would obtain because, as stated, ambiguity in revenue laws must be resolved in favor of the taxpayer.

Finally, the plaintiff voices its concern over a practical problem it anticipates, that is, the possible unavailability or inaccuracy of books and records of the taxpayer, under these facts, to support the sales for the preceding year. If such a practical problem does exist, it should not control the decision hereby causing a different interpretation to be placed upon the plain meaning of the ordinances in question. Moreover, records of a retail merchant must be maintained for other tax purposes and they should be available for examination by the City's bureau of license inspection. For example, see Code Section 58-441.29, Code of Virginia of 1950, as amended, relating to the State sales tax.

In view of what has been said above, the court does not reach for decision the other issues raised by the defendant.